**08 CV 3179**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
WOODY ALLEN,                                   :          JUDGE GRIESA

          Plaintiff,                     :   08 Civ. ____(__)

          -against-                       :   **COMPLAINT**
                                                 **(Jury Trial Demanded)**
AMERICAN APPAREL, INC.,                        :

          Defendant.                     :

------------------------------------------------------X

Plaintiff Woody Allen, by and through his attorneys Loeb & Loeb LLP, for his complaint against Defendant American Apparel, Inc., alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Woody Allen, a well-known motion picture actor, playwright, author and director, brings this action to redress Defendant American Apparel's unauthorized use of Allen's image and likeness for advertising purposes. Without ever seeking, much less obtaining, Allen's permission or consent, American Apparel disseminated billboard and Internet advertisements for its products and brands containing Allen's image. These unauthorized advertisements were prominently displayed by American Apparel on commercial billboards in the City of New York, in Hollywood, California, and on the Internet. By this action, Allen seeks compensatory and exemplary damages, as well as attorneys' fees, on account of American Apparel's blatant misappropriation and commercial use of Allen's image.

**THE PARTIES**

2. Plaintiff Woody Allen is a citizen and resident of the State of New York.

3.     Upon information and belief, Defendant American Apparel Inc. ("AAI"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between plaintiff and defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to plaintiff's claims occurred in this district and defendant is subject to personal jurisdiction within this district.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

7.     Allen is an internationally acclaimed and award-winning performer and writer, who has written, directed and acted in over forty motion pictures. Allen's image is instantly recognizable worldwide and he is considered to be among the most influential figures in the history of American film.

8.     Allen has achieved considerable commercial and critical success in his career, by, among other things, maintaining strict control over the projects with which he is associated. Allen does not engage in the commercial endorsement of products or services in the United States.

9. Defendant AAI is a manufacturer and worldwide seller of casual apparel, including workout wear, t-shirts and underwear. On its website, www.americanapparel.net, AAI proudly displays its self-described "provocative ads."

10. In or about May 2007, AAI created and publicly displayed a billboard advertisement, bearing the AAI name and mark, featuring an image of Allen taken from one of his many acclaimed films (the "Infringing Billboard"). In addition to Allen's image, the Infringing Billboard contains text in Yiddish which, as translated, means "the Holy Rebbe."

11. The Infringing Billboard expressly, impliedly and falsely states that Allen sponsors, endorses and is associated with AAI.

12. The Infringing Billboard was prominently displayed in the City of New York and in Hollywood, California, both cities in which Allen is especially recognizable due to his reputation in the entertainment industry.

13. In addition to displaying the Infringing Billboard, AAI also displayed Allen's image and images of the Infringing Billboard in advertising on its website. AAI also sponsored advertisements on additional websites that displayed images of Allen and the Infringing Billboard.

14. AAI utilized Allen's image and identity in total disregard of his rights of privacy and publicity, his exclusive property rights and his personal rights in, and to, the use of his image and likeness.

15. AAI has and will continue to profit from the use of Allen's image on the Infringing Billboard and on the Internet.

16. Allen was unaware that AAI was going to utilize his image on its billboards and website. Allen was not contacted, nor did he in any way give his consent to the use of his image

and likeness, and he was not in any way compensated for the same, either prior to the infringement or thereafter.

17.  AAI's unlawful use of Allen's image for commercial advertising purposes is especially egregious and damaging because Allen does not commercially endorse any products in the United States of America.

### FIRST CLAIM FOR RELIEF
(Violation of New York Civil Rights Law)

18.  Allen repeats and realleges the allegations set forth in paragraphs 1 through 17 of this complaint as if fully set forth herein.

19.  Without Allen's consent, AAI has knowingly caused the Infringing Billboard, which prominently contains Allen's image and likeness, to be created and prominently displayed in New York, California and on the Internet.

20.  AAI's use of Allen's image and likeness was for the purposes of advertising, selling and soliciting the purchase of products, merchandise, goods and services.

21.  Allen never consented to AAI's commercial use of his image.

22.  AAI's conduct was willful, malicious and in conscious disregard of Allen's rights.

23.  The use of Allen's image and likeness in the advertisements falsely implies that Allen endorsed the AAI brand, a brand that is known for using provocative images in its advertisements. Allen continues to be harmed by AAI's conduct as the Infringing Billboard is still available for viewing, comment, and discussion on the Internet.

24.  AAI's conduct is in direct violation of Allen's rights under Sections 50 and 51 of the Civil Rights Law of the State of New York.

25.  As a direct and proximate result of AAI's actions, Allen has suffered actual damages in an amount to be proven at trial, but not less than ten million dollars ($10,000,000).

26.   AAI's conduct was willful, reckless and in conscious disregard of Allen's rights. AAI was fully aware that it was required to obtain Allen's consent for its use of his image. AAI never sought Allen's consent because it knew Allen would not give it. Accordingly, Allen seeks an award of punitive damages against AAI, in an amount to be determined at trial, for AAI's wrongdoing and to deter it from similar wrongdoing in the future.

## SECOND CLAIM FOR RELIEF
(Violation of The Lanham Act)

27.   Allen repeats and realleges the allegations set forth in paragraphs 1 through 26 of this complaint as if fully set forth herein.

28.   By creating and displaying the Infringing Billboard and disseminating additional ads with Allen's image on the Internet, AAI has falsely represented to the public that AAI is endorsed by, sponsored by, or associated with Allen.

29.   As a result, members of the public will be and in fact have actually been deceived and/or confused into believing that the AAI brand is endorsed by, sponsored, or associated with Allen. Allen has been injured by AAI's unauthorized use of his image and identity as an apparent sponsorship and endorsement of its brand.

30.   By reason of the foregoing, AAI has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.   As a proximate result of AAI's actions, Allen has suffered actual damages in an amount to be proven at trial, but in no event less than ten million dollars ($10,000,000).

32.   Pursuant to 15 U.S.C. § 1117 (a), Allen is further entitled to the disgorgement of AAI's profits from its unlawful conduct, costs and attorneys' fees.

WHEREFORE, Allen demands judgment against American Apparel as follows:

   A.  Damages against American Apparel in an amount to be determined at trial, but believed to be in excess of ten million dollars ($10,000,000);

   B.  Disgorgement of American Apparel's profits pursuant to 15 U.S.C. § 1117(a)(1);

   C.  Exemplary damages pursuant to Sections 50 and 51 of New York Civil Rights Law;

   D.  Costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a)(3) of the Lanham Act;

   E.  Prejudgment interest and such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: New York, New York
   March 31, 2008

               LOEB & LOEB LLP

               By: _____
               Michael P. Zweig (MZ-5318)
               Christian Carbone (CC-6502)
               345 Park Avenue
               New York, New York 10154-1895
               (212) 407-4000

               Attorneys for Plaintiff
               Woody Allen