UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WOODY ALLEN,

           Plaintiff,

   -against-

AMERICAN APPAREL, INC.,

           Defendant.
----------------------------------------------------------X

Case No. 08 Civ. 3179(TPG)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/09

## STIPULATED PROTECTIVE ORDER

WHEREAS, it is contemplated that, in the course of discovery or otherwise, the parties to this action may disclose documents, information or things that may contain or constitute trade secrets, proprietary information and/or other confidential information to opposing parties, counsel, expert witnesses, or other persons participating or assisting in this lawsuit;

WHEREAS, the parties desire to keep the aforementioned confidential documents, information or things confidential, and at the same time allow for appropriate discovery under the Federal Rules of Civil Procedure to take place in this action;

WHEREFORE, the parties, by their respective counsel, hereby agree and stipulate, pursuant to Federal Rule of Civil Procedure 26(c), that the following Stipulated Protective Order shall govern the handling, use and disclosure of certain documents and information defined below.

1. When used in this Stipulated Protective Order, the term "Confidential Material" shall mean, and shall be expressly limited to, (a) trade secrets, proprietary business information or other research, development, marketing, financial or other business information, but only to

the extent that the information is not generally known or publicly available and the Disclosing Party has taken reasonable steps to ensure its secrecy or confidentiality; and (b) confidential, non-public information concerning individuals, but only to the extent that the person has taken reasonable steps to ensure the information's secrecy or confidentiality. This definition of Confidential Material shall be strictly and narrowly interpreted and, under all circumstances, shall not be construed to include documents or information lawfully obtained by a party independently of this litigation (unless that information was obtained under circumstances requiring confidential treatment) or to include documents or information that at or prior to disclosure were a matter of public knowledge or after disclosure become public knowledge other than by an act or omission of a party or its agents.

2. When used in this Stipulated Protective Order, the term "Discovery Materials," shall include, without limitation, documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged by, among, or between the parties or non-party signatories in connection with discovery in the Action.

3. When used in this Stipulated Protective Order, the word "Document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof. A party, person, or entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

4. This Stipulated Protective Order shall also apply to Discovery Materials provided by any third party and a copy of this Order shall be enclosed as an exhibit to a subpoena or with any request for documents from a third party. The parties may, subject to the provisions of this Stipulated Protective Order, designate as "Confidential Material" any testimony, information or

document obtained during discovery in this Action from a third party or Disclosing Party that a party reasonably and in good faith believes reveals a trade secret, or other confidential research, development, financial, personal or commercially sensitive information that requires the protections provided by paragraph 8 of this Stipulated Protective Order or that otherwise is entitled to protective treatment under Rule 26(c) of the Federal Rules of Civil Procedure, including any portion thereof and any summaries, abstracts, or other information derived therefrom, that can appropriately be designated in good faith as confidential.

5. Information designated as Confidential Material that is produced, provided or exchanged in the course of this Action (other than information that is publicly available) shall be used by the party or parties to whom the information is provided solely for purposes directly related to the prosecution or defense of this litigation, and not for any business, competitive, or governmental purpose or function whatsoever.

6. Testimony given at a deposition may be designated as Confidential Material by making a statement to that effect on the record during the deposition. The deponent or deponent's counsel shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Material orally at the deposition. In addition, within thirty (30) days after receipt of a transcript or recording of a deposition the parties also may designate such transcript or recording or any portion thereof, by notifying all parties, in writing, of the specific pages and lines of the transcript or recording which should be treated as Confidential Material.

7. To designate information or material (other than deposition or hearing transcripts) as Confidential Material, the Disclosing Party (or third party) shall stamp such material "Confidential." Such markings will be made in a manner which does not obliterate or obscure

the content of the document or other tangible Discovery Material. Where such marking of each piece of such material is impossible or impractical, the producing party shall designate in writing that information or material that it regards as containing Confidential Material at the time of its production. Information or material that is in the form of an audio or video recording shall be treated as "Confidential" whether or not it has been stamped "Confidential." The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control access to, duplication of and distribution of copies of material stamped "Confidential."

8. Any summary, compilation, note, excerpt, paraphrasing, copy, electronic image or database containing material and/or information designated as "Confidential" shall be subject to the terms of this Stipulated Protective Order to the same extent as the material or information from which such summary, compilation, notes, excerpt, paraphrasing, copy, electronic image, or database is made or derived.

9. The parties agree that Confidential Material will not be disclosed to persons other than (a) the parties; (b) the parties' counsel and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Action, *provided, however*, that such disclosure may solely be for use in accordance with this Stipulated Protective Order; (c) experts or consultants and their employees and/or staff members engaged to assist counsel for a party in the Action; (d) any witness or potential witness, whether at trial, a hearing or deposition, and counsel for that witness or potential witness, to the extent a party or its counsel determines in good faith that such disclosure is necessary for purposes of prosecuting or defending this litigation; (e) the Court, Court personnel, any juror or any court reporter employed in this action; (f) outside vendors,

such as copy services, computer services or litigation support services, including deposition stenographers and videographers, to the extent necessary for the prosecution or defense of this Action; (g) counsel for insurance companies that may be liable to satisfy part or all of a judgment that may be entered in this Action; (h) any person who previously prepared or received such Confidential Discovery Materials; and (i) any other person only upon order of the Court or upon stipulation of the Disclosing Party. Confidential Material shall not be disclosed to any person identified in category (c) or (d) above until such person has been shown a copy of this Stipulated Protective Order and has first agreed in writing to be bound by the terms of this Stipulated Protective Order by executing the Acknowledgment attached hereto as Exhibit 1.

10. If any party wishes to submit any Confidential Material to the Court prior to the trial of this Action, the party shall take reasonable steps to maintain the confidentiality of the Confidential Material. To the extent possible, the party shall submit the Confidential Material in a redacted format which does not disclose the Confidential Information. If redaction is not feasible, then the party shall, unless otherwise directed by the Court, submit such Confidential Material "under seal" by filing it in a sealed envelope or other appropriate sealed container marked on the outside with the title of the Action, an identification of each item within and a statement substantially as follows: "CONFIDENTIAL MATERIAL FILED UNDER SEAL." In the event that a party attempts to file Confidential Material pursuant to the terms of this Stipulated Protective Order but is unsuccessful, the parties agree that they shall work together to correct the filing error, and in no event shall the unsuccessful filing be deemed untimely or the submitting party be prejudiced in any way by the failed submission.

11. Confidential Material may be used to examine or cross-examine any witness or retained expert at any hearing, deposition or trial of this Action. Any party shall have the right to

request the Court to exclude or sequester any individual other than the attorneys for persons who have agreed to terms of this Protective Order prior to or during the disclosure of any Confidential Material.

12. In the event that any Confidential Material is used in this Action or any appeal therefrom, it shall not lose its status as Confidential Material through such use, and the party using said information shall take all steps necessary to protect its confidentiality during such use, including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*.

13. Inadvertent failure to designate material as Confidential Material at the time of production shall not be deemed a waiver of the producing party's right to so designate the material and may be remedied by supplemental written notice. If such notice is given, all material so designated shall be fully subject to this Stipulated Protective Order as if it had been initially designated as Confidential Material. After any designation is made in accordance with this paragraph, counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material within their possession or control as Confidential Material.

14. A party's compliance with the terms of this Stipulated Protective Order shall not operate as an admission that any particular testimony, information or document is or is not (a) confidential or (b) privileged.

15. Nothing herein shall be construed to affect in any way the admissibility of any testimony, document or other evidence. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Material.

16. All Confidential Material, and copies thereof (other than copies of documents filed with the Court) shall be destroyed or returned to the parties (at the election of the parties)

within thirty (30) days of a final adjudication (including any appeals) or other termination of this litigation. If a party chooses to destroy documents after the litigation has concluded, that party shall certify such destruction in writing to the producing party upon written request for such certification by the Disclosing Party.

17. This Stipulated Protective Order shall continue in effect after termination of this Action and continue to be binding on all persons to whom information or material in this Action was provided.

18. If Confidential Material is disclosed to or comes into the possession of any person other than in a manner authorized in this Stipulated Protective Order, the party responsible for the disclosure shall immediately inform the other parties in possession of such Confidential Material pursuant to the terms of this Stipulated Protective Order of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received Confidential Material.

19. If at any time a party objects to a designation of information or documents as Confidential Material under this Stipulated Protective Order, the objecting party shall notify the Disclosing Party in writing. The Objecting Party shall identify the information or documents in question, and shall specify the reason or reasons for objection. The Disclosing Party and Objecting Party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the Disclosing Party may apply within fifteen (15) calendar days from the date the parties met and conferred for a ruling on the Disclosing Party's designation of the information or documents as Confidential Material. While any such application is pending, the documents or material subject to that application will remain Confidential Material until the court rules. If the Disclosing Party does not apply to the court for

a ruling on its designation of the information or documents as Confidential Material within the time prescribed herein, the information or documents will no longer be deemed Confidential Material. The Disclosing Party shall have the burden of showing that the information or document is Confidential Material under Rule 26(c) of the Federal Rules of Civil Procedure or this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall be construed as preventing any party from objecting to the designation of any document as Confidential Material, or preventing any party from seeking further protection for any Confidential Material it produces in discovery.

20.     Any person in possession of Confidential Material who receives a subpoena (or other process) from any person (including natural persons, corporations, partnership, firms, governmental agencies, departments, or bodies, boards, or associates) who is not a party to this Stipulated Protective Order, seeking production or other disclosure of another party's Confidential Material, shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for the designating party, person or entity, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the later of (a) ten (10) days following the date on which notice is given or (b) the return date of the subpoena, unless otherwise required by applicable law or by court order.

Dated: New York, New York
January 13, 2009

LOEB & LOEB LLP

By: _____
Michael P. Zweig (MZ-5318)
Christian Carbone (CC-6502)
Shelly Elimelekh (SE-0597)
345 Park Avenue
New York, New York 10154
Phone: (212) 407-4000

*Attorneys for Plaintiff*
*Woody Allen*

Dated: New York, New York
January 13, 2009

BUCHANAN INGERSOLL & ROONEY PC

By: _____
Stuart P. Slotnick (SS-1964)
Kristi A. Davidson (KD-4753)
620 Eighth Ave., 23rd Floor
New York, New York 10018
Phone: (212) 440-4400
Fax: (212) 440-4401

LAW OFFICES OF CURTIS, VASILE P.C.

By: _____
Dominick A. Picciminni, Jr. (DP-4303)
2174 Hewlett Avenue
PO Box 801
Merrick, New York 11566
Phone: (516) 623-1111

*Attorneys for Defendant*
*American Apparel, Inc.*

SO ORDERED:

_____   1/16/09
Honorable Thomas P. Griesa
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
WOODY ALLEN,                                       :
                    Plaintiff,                     :
          -against-                                :   Case No. 08 Civ. 3179(TPG)(KNF)
AMERICAN APPAREL, INC.,                            :
                    Defendant.                     :
-------------------------------------------------- X
```

### EXHIBIT 1

#### Declaration Concerning Material Covered By Stipulated Protective Order

I, the undersigned, hereby declare that I have read the attached Stipulated Protective Order entered in the Action pending in the United States District Court for the Southern District of New York, entitled *Allen v. American Apparel, Inc.*, Civil Action No. 08-Civ-3179. I understand the terms of this Stipulated Protective Order. I also understand that I am authorized to receive Confidential Material subject to this Protective Order.

I agree to abide by all of the obligations and conditions of this Protective Order, including those obligations concerning Confidential Material. I agree to submit to the personal jurisdiction of the United States District Court for the Southern District of New York in any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings relating to contempt of Court.

I declare that the foregoing is true and correct. I understand that if any of the statements made by me are willfully false, I am subject to punishment.

    Name of Individual:_____

    Present occupation/job description:_____

_____

_____

Name of Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this Action and its parties: _____


Dated: _____        _____
                                    Signature

NY724997.3
003001-10037