UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
WOODY ALLEN,

                Plaintiff,

    -against-

AMERICAN APPAREL, INC.,

                Defendant.
_____x

08 Civ. 3179 (TPG) (KNF)

**AFFIRMATION OF STUART P. SLOTNICK IN SUPPORT OF DEFENDANT AMERICAN APPAREL INC.'S MOTION TO COMPEL**

STUART P. SLOTNICK, ESQ., being duly sworn, affirms and says as follows, under penalties of perjury:

1.    I am an attorney at law duly licensed to practice in the courts of the State of New York and a shareholder at Buchanan Ingersoll & Rooney PC, attorneys for American Apparel, Inc. ("AA" or "Defendant"). As such, I am fully familiar with all pleadings and proceedings herein.

2.    I respectfully make this affirmation in support of Defendant's Motion to Compel ("Motion"), in which Defendant seeks that this Court grant its motion and order the following relief:

    A.    Tenenbaum and MBST are **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Request 2 of the Tenenbaum Subpoena and MBST Subpoena, respectively. **IN THE ALTERNATIVE**, Tenenbaum are MBST are **ORDERED** to provide a log of any documents withheld on the basis of the attorney-client, work product, or any other applicable privileges.

    B.    Faden is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Request 17 of the Faden Subpoena. **IN THE ALTERNATIVE**, Faden is **ORDERED** to provide a log of any documents withheld on the basis of the attorney-client, work product, or any other applicable privileges.

    C.    Plaintiff is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 3, 4 and 5 of Defendant's First Set of Requests

1

        for Production of Documents Directed to Plaintiff.  **IN THE ALTERNATIVE**, and only if documents responsive to Requests 3, 4 and 5 do not exist or are not within Plaintiff's possession, custody or control, Plaintiff is **ORDERED** to so advise Defendant in writing.

D.     Tenenbaum and MBST are **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 9, 10 and 11 of the Tenenbaum Subpoena and MBST Subpoena, respectively.  **IN THE ALTERNATIVE**, and only if documents responsive to Requests 9, 10 and 11 do not exist or are not within Tenenbaum's or MBST's possession, custody or control, Tenenbaum and/or MBST are **ORDERED** to so advise Defendant in writing.

E.     Faden is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 2, 3, 4 and 6 of the Faden Subpoena.  **IN THE ALTERNATIVE**, and only if documents responsive to Requests 2, 3, 4 and 6 do not exist or are not within Faden's possession, custody or control, Faden is **ORDERED** to so advise Defendant in writing.

F.     Plaintiff is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 11 through 15 of Defendant's First Set of Requests for Production of Documents Directed to Plaintiff.  **IN THE ALTERNATIVE**, and only if documents responsive to Requests 11 through 15 do not exist or are not within Plaintiff's possession, custody or control, Plaintiff is **ORDERED** to so advise Defendant in writing.

G.     Tenenbaum and MBST are **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 15 through 18 of the Tenenbaum Subpoena and MBST Subpoena, respectively.  **IN THE ALTERNATIVE**, and only if documents responsive to Requests 15 through 18 do not exist or are not within Tenenbaum's or MBST's possession, custody or control, Tenenbaum and/or MBST are **ORDERED** to so advise Defendant in writing.

H.     Faden is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Request 7 of the Faden Subpoena.  **IN THE ALTERNATIVE**, and only if documents responsive to Request 7 do not exist or are not within Faden's possession, custody or control, Faden is **ORDERED** to so advise Defendant in writing.

I.     Plaintiff is **ORDERED** to respond on or before April 20, 2009, to Interrogatory 5 to Defendant's First Set of Interrogatories Directed to Plaintiff and to produce on or before April 20, 2009, any and all documents responsive to Requests 70 and 76 of Defendant's First Set of Requests for Production of Documents Directed to Plaintiff.

J.     Tenenbaum is **ORDERED** to appear for deposition in New York, New York on or before May 1, 2009, for the limited purpose of answering questions about

       conversations he had regarding this Lawsuit and the facts alleged therein and answering questions about any or all documents produced as ordered by the Court in response to Defendant's Motion to Compel.

K.      Faden is **ORDERED** to appear for deposition, pursuant to the Faden Subpoena, dated January 6, 2009, at the offices of Buchanan Ingersoll & Rooney PC in New York at a time and date to be agreed upon by the parties, but in no event later than May 1, 2009.

L.      Plaintiff is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 33 and 34 of Defendant's First Set of Requests for Production of Documents Directed to Plaintiff. **IN THE ALTERNATIVE**, and only if documents responsive to Requests 33 and 34 do not exist or are not within Plaintiff's possession, custody or control, Plaintiff is **ORDERED** to so advise Defendant in writing.

M.      Tenenbaum and MBST are **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 34 and 35 of the Tenenbaum Subpoena and MBST Subpoena, respectively. **IN THE ALTERNATIVE**, and only if documents responsive to Requests 34 and 35 do not exist or are not within Tenenbaum's or MBST's possession, custody or control, Tenenbaum and/or MBST are **ORDERED** to so advise Defendant in writing.

N.      Faden is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 5 through 9 and 13 of the Faden Subpoena. **IN THE ALTERNATIVE**, and only if documents responsive to Requests 5 through 9 and 13 do not exist or are not within Faden's possession, custody or control, Faden is **ORDERED** to so advise Defendant in writing.

O.      Plaintiff is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Request 10 of Defendant's First Set of Requests for Production of Documents Directed to Plaintiff. **IN THE ALTERNATIVE**, and only if documents responsive to Request 10 do not exist or are not within Plaintiff's possession, custody or control, Plaintiff is **ORDERED** to so advise Defendant in writing.

P.      Plaintiff is **ORDERED** to provide by no later than April 20, 2009, a log of any documents responsive to Defendant's First Set of Requests for Production of Documents, including any and all documents that Plaintiff is ordered to produce pursuant to this Order, but that were withheld on the basis of the attorney-client, work product, or any other applicable privileges.

Q.      Tenenbaum and MBST are **ORDERED** to provide by no later than April 20, 2009, a log of any documents responsive to the Tenenbaum and MBST Subpoenas, respectively, including any and all documents that Plaintiff is ordered

        to produce pursuant to this Order, but that were withheld on the basis of the attorney-client, work product, or any other applicable privileges.

R.    Faden is **ORDERED** to provide by no later than April 20, 2009, a log of any documents responsive to the Faden Subpoena, including any and all documents that Faden is ordered to produce pursuant to this Order, but that were withheld on the basis of the attorney-client, work product, or any other applicable privileges.

S.    Plaintiff is **ORDERED** to produce on or before April 20, 2009, any and all documents responsive to Requests 53 and 54 of Defendant's First Set of Requests for Production of Documents Directed to Plaintiff. **IN THE ALTERNATIVE**, and only if documents responsive to Requests 53 and 54 do not exist or are not within Plaintiff's possession, custody or control, Plaintiff is **ORDERED** to so advise Defendant in writing.

T.    Non-party Loeb & Loeb LLP is **ORDERED** to produce any and all documents responsive to the Requests 1 through 12 of the Loeb Subpoena. **IN THE ALTERNATIVE**, if Loeb & Loeb LLP chooses not to produce any and all documents responsive to Requests 1 through 12 of the Loeb Subpoena, then they shall be prohibited at the trial of this matter from mentioning, referencing or in any way seeking as damages Plaintiff's costs or attorneys' fees.

U.    Defendant may supplement or amend any of its expert reports or other submissions to address any of the discovery ordered in response to this Motion to Compel.

## I.    DOCUMENTATION REFERENCED IN DEFENDANT'S MOTION

3.    Plaintiff Woody Allen ("Plaintiff") filed his Complaint in this matter in the federal district court for the Southern District of New York on March 31, 2008. A true and correct copy of the Complaint is attached hereto as Exhibit A.

4.    On December 15, 2008, counsel for Defendant deposed Plaintiff. A true and correct copy of excerpts of Plaintiff's deposition transcript that are relevant to Defendant's Motion are being filed under seal as Exhibit B.

5.    On December 24, 2008, Defendant served on Plaintiff its First Set of Requests for the Production of Documents Directed to Plaintiff. A true and correct copy of excerpts of

Defendant's First Set of Requests for Production of Documents Directed to Plaintiff that are relevant to Defendant's Motion are attached hereto as Exhibit C.

6. On January 20, 2009, Plaintiff served on Defendant his Objections and Responses to Defendant's First Set of Requests for Production of Documents. A true and correct copy of excerpts of Plaintiff's Objections and Responses to Defendant's First Set of Requests for Production of Documents that are relevant to Defendant's Motion are attached hereto as Exhibit D.

7. On December 24, 2008, Plaintiff served a Subpoena for the Production of Documents Directed to Non-Party Stephen Tenenbaum ("Tenenbaum Subpoena"). A true and correct copy of excerpts of the Tenenbaum Subpoena that are relevant to Defendant's Motion are attached hereto as Exhibit E.

8. On January 6, 2009, Plaintiff served an Amended Subpoena for the Production of Documents Directed to Non-Party MBST Entertainment, Inc. ("MBST Subpoena"). A true and correct copy of excerpts of the MBST Subpoena that are relevant to Defendant's Motion are attached hereto as Exhibit F.

9. On January 6, 2009, Plaintiff served a Subpoena for the Production of Documents Directed to Non-Party Joel Faden ("Faden Subpoena"). A true and correct copy of excerpts of the Faden Subpoena that are relevant to Defendant's Motion are attached hereto as Exhibit G.

10. On January 20, 2009, Stephen Tenenbaum served his Objections and Responses to the Tenenbaum Subpoena ("Tenenbaum Responses"). A true and correct copy of excerpts of the Tenenbaum Responses that are relevant to Defendant's Motion are attached hereto as Exhibit H.

11. On January 20, 2009, MBST Entertainment, Inc. served its Objections and Responses to the MBST Subpoena ("MBST Responses"). A true and correct copy of excerpts of the MBST Responses that are relevant to Defendant's Motion are attached hereto as Exhibit I.

12. On February 3, 2009, Joel Faden served his Objections and Responses to the Faden Subpoena ("Faden Responses"). A true and correct copy of excerpts of the Faden Responses that are relevant to Defendant's Motion are attached hereto as Exhibit J.

13. On March 18, 2009, counsel for Defendant deposed Stephen Tenenbaum. A true and correct copy of excerpts of Tenenbaum's deposition transcript that are relevant to Defendant's Motion are being filed under seal as Exhibit K.

14. On March 19, 2009, counsel for Defendant, Kristi A. Davidson, Esquire, sent a letter to counsel for Plaintiff, Michael P. Zweig, Esquire, requesting documents discussed during the deposition of Stephen Tenenbaum. A true and correct copy of the March 19, 2009 letter from Ms. Davidson to Mr. Zweig is attached hereto as Exhibit L.

15. On March 19, 2009, Mr. Zweig responded in writing to Ms. Davidson's March 19, 2009 letter. A true and correct copy of the March 20, 2009 letter from Mr. Zweig to Ms. Davidson is attached hereto as Exhibit M.

16. A true and correct copy of an article dated April 18, 1982 entitled "Japan, Meet Woody Allen" is attached hereto as Exhibit N.

17. A true and correct copy of an article entitled "AMEX taps DeGeneres, DeNiro for ads" dated November 5, 2004, is attached hereto as Exhibit O.

18. In <u>Woody Allen: A Biography</u> (page 187), Eric Lax writes that Woody Allen appeared in ads for Arrow Shirts. Lax, Eric. *See* <u>Woody Allen: A Biography</u>, Da Capo Press, New Edition, 2000 (ISBN 0306809850, 9780306809859), *excerpts available at* http://books.google.com/books?id=tydFaS99v-8C&pg=PA187&lpg=PA187&dq=%22woody+allen%22+

and+arrow+shirts&source=bl&ots=kADHQ8t_8I&sig=JnVJc99u0kKE1qyg323PpM7sLFE&hl=en&ei=OnPbSbbW KeLMlQfpybiGCA&sa=X&oi=book_result&ct=result&resnum=1#PPA187,M1.

19. On December 24, 2008, Defendant served on Plaintiff its First Set of Interrogatories. A true and correct copy of excerpts of Defendant's First Set of Requests for Production of Interrogatories that are relevant to Defendant's Motion are attached hereto as Exhibit P.

20. A true and correct copy of a document produced by non-party MBST Entertainment, Inc. at bates numbers MBST 0000044-69 is being filed under seal as Exhibit Q.

21. On January 6, 2009, Plaintiff served an Subpoena for the Production of Documents Directed to Non-Party Loeb & Loeb ("Loeb Subpoena"). A true and correct copy of excerpts of the Loeb Subpoena that are relevant to Defendant's Motion are attached hereto as Exhibit R.

22. On January 20, 2009, Loeb & Loeb served its Objections and Responses to the Loeb Subpoena ("Loeb Responses"). A true and correct copy of excerpts of the Loeb Responses that are relevant to Defendant's Motion are attached hereto as Exhibit S.

23. On April 2, 2009, counsel for Defendant deposed John Burnham, Plaintiff's agent. A true and correct copy of excerpts of Burnham's deposition transcript that are relevant to Defendant's Motion is attached hereto as Exhibit T.

## II. OUTSTANDING DISCOVERY ISSUES

24. Over the course of fact discovery, Plaintiff has served upon AA two (2) requests for the production of documents totaling sixty (60) different document requests (plus additional documents requests to AA made during depositions and several third party subpoenas *duces tecum*), as well as two sets of interrogatories and requests for admissions.

25. Plaintiff's attorneys have taken nine depositions of current or former AA employees (including AA's CEO), and have noticed more.

26. Defendant has responded to all of Plaintiff's discovery requests in turn.

27. Plaintiff and his agents have consistently and repeatedly refused to look for -- let alone produce -- relevant and responsive materials, even when it became patently clear that responsive materials exist.

28. Counsel for Plaintiff and for Defendant have engaged in numerous meet and confer conferences in an attempt to resolve their outstanding discovery issues.

29. By letter dated February 3, 2009, AA requested an informal discovery conference with the Court, which took place on March 5, 2009. The outstanding discovery matters were not resolved at that time.

30. During these meet and confer conferences, counsel for Defendant has repeatedly reminded Plaintiff's counsel of its obligations to disclose information and produce documents in accordance with applicable rules, but without success.

31. Indeed, during one of the meet and confer conferences, Plaintiff's counsel declared that, if they saw fit, they would seek to admit documents at trial that had been requested in discovery by AA but that Plaintiff had flatly refused to produce - citing one or more objections (including relevancy) to those demands.

32. When the undersigned counsel suggested such a course of conduct would be improper, Plaintiff's counsel stated that AA's only recourse was to file a motion to compel in advance of trial.

A.  **Defendant's Requests for Documents Reflecting Communications Among Plaintiff and His Agents About this Lawsuit and the Facts Asserted Therein.**

33. Defendant subpoenaed Stephen Tenenbaum ("Tenenbaum"), MBST Entertainment, Inc. ("MBST"), and Joel Faden ("Faden") and commanded them to produce documents concerning any communications among them regarding this lawsuit and the facts and circumstances alleged therein.

34. All three responded that they would produce non-privileged documents in their possession.

35. To date, Faden has not produced a single document of any description.

36. Neither Tenenbaum nor MBST have produced any documents concerning communications between themselves and Allen or persons acting on Allen's behalf, although Tenenbaum testified during his deposition that documents responsive to this request do exist.

B.  **Defendant's Requests for Documents Concerning Endorsements Plaintiff Has Done or Has Been Asked To Do.**

37. Plaintiff and his talent and business managers (Tenenbaum/MBST and Faden, respectively) were each asked to produce all documents concerning endorsements Allen has done and endorsement offers Allen has received.

38. MBST produced some documents concerning endorsements.

39. Faden and Tenenbaum have not produced any documents concerning endorsements.

40. Plaintiff himself has not produced a single document concerning prior endorsements.

### C. Defendant's Requests for Documents Concerning Plaintiff's Prior Litigation Asserting Similar Claims

41. Defendant's original discovery requests to Plaintiff asked Plaintiff to identify any and all legal actions he has filed or threatened against any person or entity for the alleged improper use of his image or likeness, or the alleged infringement of his intellectual property rights. Defendant also asked that Plaintiff produce any documents concerning other litigation commenced by Plaintiff in which Plaintiff alleged claims similar to those alleged in this Lawsuit. Defendant further asked that Plaintiff produce the transcripts of any testimony Plaintiff has given in prior matters concerning the alleged use of Plaintiff's name, image or likeness without his consent.

42. During the parties' meet and confer conferences, AA agreed that it would consider narrowing its document requests once Plaintiff had identified the legal actions.

43. For example, AA agreed that Plaintiff need not produce documents that can be easily obtained from court files. Plaintiff was asked to produce deposition transcripts or other documents that cannot be obtained from court files.

44. Plaintiff has refused to identify the legal actions and has not produced any documents in response to these requests.

### D. Defendant's Document Requests and Notice of Deposition Directed to Joel Faden.

45. Joel Faden is Plaintiff's business manager and accountant. As the escrow agent for at least one of Plaintiff's prior endorsement deals, Defendant believes Faden is likely to have highly relevant knowledge of the facts underpinning Plaintiff's calculation of damages.

10

46. In the Faden Subpoena, Defendant asked that Faden produce documents related to the value of Plaintiff's endorsement, and the renumeration that Plaintiff has both received and been offered for endorsements. (Ex. G, Resp. 2, 3, 4.)

47. In response to these requests, Faden stated that he would produce documents responsive to categories 2, 3, and 4 concerning the "value of a Woody Allen Endorsement," "remuneration Woody Allen has received for Endorsements," and "remuneration Woody Allen has been offered for Endorsements," respectively. (Ex. J, Resp. 2, 3, 4.)

48. Similarly, Request 6 in the Faden Subpoena seeks documents concerning "payments made to Woody Allen in connection with or as a result of the use of his name, image or likeness." (Ex. G, Req. 6.) Faden refused to produce these highly relevant documents going directly to Allen's asserted damages in this lawsuit, claiming that the documents "are subject to a request for production of documents to a party in this case [*i.e.*, Allen]" and could require "Faden to disclose information constituting or containing, in whole or in part, confidential, nonpublic and/or private information." (Ex. J, Resp. 6.)

49. With respect to Faden's first objection to Request 6 of the Faden Subpoena, Plaintiff's production consisted largely of printouts of articles written about the images at issue and copies of correspondence between MGM's and AA's counsel regarding the settlement between MGM and AA, and did not include any documents concerning payments made to Plaintiff in connection with or as a result of the use of his name, image or likeness.

50. With respect to Faden's second objection to Request 6, a Protective Order has been entered in this case that more than adequately addresses Faden's concerns.

51. To date, Faden has not produced a single document in response to *any* of Defendant's document requests, including Requests 2, 3, 4 and 6 of the Faden Subpoena.

11

52.  Despite repeated requests by Defendant's counsel, Faden has not confirmed that no responsive documents exist.

53.  Additionally, Defendant also subpoenaed Faden to appear for deposition.

54.  Despite Defendant's repeated demands, Faden has refused to appear for his deposition.

### E.  Defendant's Document Requests Directed to Plaintiff and His Agents Regarding Plaintiff's Income and Revenues Generated by Plaintiff's Films.

55.  Plaintiff, Tenenbaum, MBST and Faden were all asked to produce documents concerning Allen's income and remuneration over the years. (Ex. C, Req. 33, 34; Ex. E, Req. 34, 35; Ex. F, Req. 34, 35; Ex. G, Req. 5-9, 13.)

56.  All four refused to do so, citing the same objections -- primarily that the requests were overly broad, irrelevant and would require the disclosure of confidential information. (Ex. D, Resp. 33, 34; Ex. H, Resp. 34, 35; Ex. I, Resp. 34, 35; Ex. J, Resp. 5-9, 13.)

57.  During the parties' multiple meet and confer conferences, AA agreed to narrow its requests to the following types of documents: (i) income tax returns; and (ii) documents reflecting box office receipts, tickets sold, DVD sales and the like.

58.  Neither Plaintiff nor his agents have produced any documents responsive to these abridged requests.

59.  Also conspicuously absent from any production are the following documents concerning endorsements done or considered by Plaintiff:

- Any documents concerning the Smirnoff Vodka advertisements Allen testified about in his deposition (*see* Ex. B, Allen Depo. at 72:10-25), the Foster Grant sunglasses advertisements Allen testified about in his deposition (*see* Ex. B, Allen Depo. at 71:11-72:9), the Japan commercial Allen testified vaguely about (*see* Ex. B, Allen Dpo. at 79:14-80:12); the Arrow shirts advertisements Allen is reported as participating in (*see* Ex.

N), or the American Express Portraits advertising campaign Allen is reported as participating in (*see* Ex. O);

- Copies of the actual endorsements, including those endorsements that Allen (or his companies) wrote, directed or produced;

- Any documents reflecting Allen's thought-process or directions to his managers concerning the negotiation of the terms of any of the endorsements;

- Documents evidencing any and all revisions Plaintiff made to the storyboard and/or script for such endorsements and the reasons for such revisions (which would directly relate to Allen's allegations that he maintains "strict control over the projects with which he is associated" (Ex. A, Cmpl. ¶ 8)); and

- Documents evidencing any and all efforts Plaintiff took to evaluate the company or product that he ultimately endorsed or considered endorsing, including but not limited to other advertisements for the company or product (which would directly relate to Allen's allegations that he would not associate himself with a company or product that was "sleazy" or whose advertisements were "adolescent" or "infantile". (Ex. B, Allen Depo. at 140:16-141:15).

F. **Defendant's Requests for Documents Concerning Plaintiff's Public Appearances**

60. Defendant asked Plaintiff, Tenenbaum and MBST to produce documents concerning "any appearance for which [Allen has] been engaged" and, in particular, any request for an appearance that was "withdrawn after the posting of the Billboards or the Website" at issue in this lawsuit. (Ex. C, Req. 11-15; Ex. E, Req. 15-18; Ex. F, Req. 15-18.)

61. Defendant also asked Faden to produce documents concerning "payments made to Woody Allen in connection with a speaking engagement, interview, public service announcement or any public appearance." (Ex. G, Req. 7.)

62. Plaintiff, Tenenbaum, MBST and Faden each interposed boilerplate objections to these Requests and, to date, have not produced any responsive documents. (Ex. D, Resp. 11-15; Ex. H, Resp. 15-18; Ex. I, Resp. 15-18; Ex. J, Resp. 7.)

13

63. In response to these requests, Tenenbaum and MBST agreed to produce documents concerning any public service announcement Allen has done. (Ex. H, Resp. 15-16; Ex. I, Resp. 15-16.) However, thus far, those documents also have not been produced,

64. Plaintiff's agent, John Burnham, testified at deposition that a personal appearance falls within the scope of an "endorsement." (Ex. T, Burnham Depo. at 53:19-54:6.)

### G. Defendant's Document Requests Directed to Plaintiff Concerning His Public Image, Person or Reputation.

65. In order to better understand the portion of the public to which Plaintiff appeals, Defendant asked Plaintiff to produce documents concerning his public image, persona or reputation. (Ex. C, Req. 10.)

66. Plaintiff objected, primarily on relevancy grounds. (Ex. D, Resp. 10.)

67. Defendant believes that Plaintiff has or should have in his possession, custody or control (including documents created or maintained by his publicist) documents such as press releases, transcripts or videos of interviews he has given, marketing studies or analyses of who his audience is and where his films should be promoted, movie reviews, fan mail and the like, all of which would shed considerable light on Plaintiff's popularity and mass appeal.

68. Plaintiff has not produced any such documents.

### H. Defendant's Request that Plaintiff and His Agents Fulfill Their Obligation to Provide Privilege Log.

69. Plaintiff and his agents agreed to produce "non-privileged" documents in response to a limited number of Defendant's discovery requests.

70. Defendant has asked on multiple occasions that Plaintiff and his agents produce a privilege log of all responsive documents withheld on privilege grounds, and provide the same to Defendant.

71.     Each time AA has asked when Plaintiff and his managers will be producing a log of all responsive documents withheld on privilege grounds, they have refused to provide one, claiming that they are not under any obligation to look for or log privileged materials.

**I.     Defendant's Request that Plaintiff Produce and/or Specifically Identify the Advertisements of Defendant that Plaintiff Intends to Present as Evidence at Trial.**

72.     Plaintiff testified in his deposition that he considered Defendant's advertising to be "sleazy," "adolescent," and "infantile." (Ex. B, Allen Depo. at 55:24-56:20; 57:22-58:19; 61:2-9.)

73.     Plaintiff further testified that he had given the Defendant's advertisements he considered to be "sleazy," "adolescent," and "infantile" to his lawyers, and that he intended to present those advertisements as exhibits at trial. (Ex. B, Allen Depo. at 143:6-145:24.)

74.     Defendant asked Plaintiff to produce these advertisements. (Ex. C, Req. 53, 54.)

75.     Plaintiff refused, stating only that "certain of the documents contained in Defendant's document production are responsive." (Ex. D, Resp. 53, 54.)

76.     During the parties' meet and confer conferences, Defendant asked Plaintiff to identify, at minimum, the bates numbers of the documents in Defendant's document production to which Plaintiff was referring.

77.     Plaintiff refused.

78.     From Defendant's perspective, it appears that these advertisements (whatever they are) are the sole basis upon which Plaintiff has concluded that he does not wish to be associated with Defendant or to endorse its products.

15

## III. CONCLUSION

79. Based upon the foregoing, as well as Defendant's Motion, Memorandum of Law in Support, and the documents annexed to this Affirmation, Defendant respectfully requests that this Court grant its Motion and grant Defendant the relief set forth in its Proposed Order.

_____
STUART P. SLOTNICK