Michael P. Zweig (MZ-5318)
Christian D. Carbone (CC-6502)
Manny J. Caixeiro (MC-0218)
Shelly Elimelekh (SE-0597)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Plaintiff
Woody Allen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
WOODY ALLEN,                                          :

            Plaintiff,                            :
                                                08 Civ. 3179 (TPG)(KNF)
      -against-                               :
                                              **PLAINTIFF'S PROPOSED JURY**
AMERICAN APPAREL, INC.,                               :   **INSTRUCTIONS AND VERDICT FORM**

            Defendant.                            :

-------------------------------------------------------- X

       Plaintiff Woody Allen, by his attorneys, Loeb & Loeb LLP, respectfully submits the following proposed instructions of law and verdict form.

# INSTRUCTION NO. 1

## Consideration of the Evidence – Corporate Party's Agents and Employees

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

You have heard testimony in this case regarding the conduct of certain executives and employees of American Apparel, Inc., such as Dov Charney, Iris Alonzo and Alexandra Spunt. There is no dispute that the actions of these individuals were made within the scope of their employment with American Apparel, Inc. Accordingly, their conduct should properly be attributed to American Apparel, Inc.

AUTHORITY:     Adapted from 3 Fed. Jury Prac. & Instr. § 103.31 (5th ed. 2001 & 2007 Supp.).

# INSTRUCTION NO. 2

## Requests for Admission

The following facts are deemed to be true for purposes of this case:

The billboard created and/or displayed by American Apparel, Inc. bearing the American Apparel, Inc. name and mark, featuring an image of Woody Allen taken from one of his films and containing text in Yiddish which, as translated, means "the Holy Rebbe" or "Our Spiritual Leader" constitutes advertising.

American Apparel, Inc.'s website, containing images of Woody Allen, also constitutes advertising.

AUTHORITY:   Adapted from 3 Fed. Jury Prac. & Instr. § 104.70 (5th ed. 2001 & 2007 Supp.).

As set forth in Plaintiff's in limine motion, submitted herewith, Defendant failed to respond within thirty (30) days of the date of service of Plaintiff's Requests for Admissions, which included the foregoing two Requests for Admissions. Rule 36 of the Federal Rule of Civil Procedure provides that "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

**INSTRUCTION NO. 3**

**Plaintiff's Claim of Violations of Sections 50 And 51 Of New York Civil Rights Law**

**(Liability)**

Plaintiff Woody Allen asserts a claim against Defendant American Apparel, Inc. based upon alleged violations of Sections 50 and 51 of New York Civil Rights Law.  Section 51 of the New York Civil Rights Law permits an individual to recover damages where the defendant is shown to have used the individual's name or likeness for advertising or trade purposes without first obtaining plaintiff's written consent.

There is no dispute that American Apparel, Inc. did not obtain Woody Allen's written consent to use his image or likeness on its billboards, banners, and Internet website, accordingly, if you find that American Apparel, Inc. used Woody Allen's image for trade or advertising purposes then you must find for plaintiff Woody Allen on the issue of liability.

AUTHORITY:   Adapted from New York PJI § 3:45 (2nd ed. 2009).

N.Y. Civ. Rights Law § 50, 51.

*Hoepker v. Kruger*, 200 F. Supp. 2d 340, 348 (S.D.N.Y. 2002).

3

# INSTRUCTION NO. 4

## ("Advertising or Trade Purpose")

In determining whether American Apparel, Inc.'s use of Woody Allen's image on its billboards and website was for advertising or trade purposes you should consider, as an objective observer, all of the circumstances of American Apparel, Inc.'s use.

A use for advertising or trade purposes within the meaning of the statute occurs where the use at issue is either part of an advertisement or the use promotes the image, product or brand of the user, which in this case is American Apparel, Inc.

A defendant's "hidden meaning" or undisclosed purpose underlying the unauthorized use has no bearing on determining whether a use was for advertising or trade purposes.

If you find that any of American Apparel, Inc.'s uses of Woody Allen's image were either part of an advertisement or promoted American Apparel, Inc.'s image, products or brand, or constituted an express or implied endorsement of American Apparel, Inc., then American Apparel, Inc's use was for advertising or trade purposes and you must find for Woody Allen on the issue of liability for violation of Section 51 of the New York Civil Rights Law.

AUTHORITY:    *Aguilar v. Ragusa*, 174 A.D.2d 1002, 572 N.Y.S.2d 164 (4th Dep't 1991).

*Beverley v. Choices Women's Med. Ctr., Inc.*, 78 N.Y.2d 745, 751, 579 N.Y.S.2d 637, 640 (1991).

*Griffin v. Law Firm of Harris, Beach, Wilcox, Rubin and Levey*, 112 A.D.2d 514, 515-16, 490 N.Y.S.2d 919, 921 (3d Dep't 1985).

*Kline v. Robert M. McBride & Co.*, 170 Misc. 974, 11 N.Y.S.2d 674 (Sup. Ct. N.Y. County 1939).

*Rubino v. Slaughter*, 136 N.Y.S.2d 873 (Sup. Ct. Kings County 1954).

4

## INSTRUCTION NO. 5

### Advertising and Trade Purpose

For a use for "advertising or trade purpose" to be found, it need not necessarily occur in connection with the sale or promotion of a product or even constitute an endorsement of the product or company.

AUTHORITY: *Aguilar v. Ragusa*, 174 A.D.2d 1002, 572 N.Y.S.2d 164 (4th Dep't 1991).

*Beverley v. Choices Women's Med. Ctr., Inc.*, 78 N.Y.2d 745, 751, 579 N.Y.S.2d 637, 640 (1991).

*Griffin v. Law Firm of Harris, Beach, Wilcox, Rubin and Levey*, 112 A.D.2d 514, 515-16, 490 N.Y.S.2d 919, 921 (3d Dep't 1985).

*Rubino v. Slaughter*, 136 N.Y.S.2d 873 (Sup. Ct. Kings County 1954).

NY775222.6
003001-10038

# INSTRUCTION NO. 6

## Knowledge and Intent Not Required to Award Compensatory Damages

Woody Allen is not required to show, in order to be awarded compensatory damages under Section 51 of the New York Civil Rights Law, that American Apparel, Inc. was aware that Woody Allen's consent had not been obtained, or that such consent was even required.

American Apparel, Inc. is charged with having knowledge of the provisions of New York Civil Rights Law Sections 50 and 51.

AUTHORITY:   *Atkins v. Parker*, 472 U.S. 115 (1985).

*Krimstock v. Kelly*, 506 F. Supp. 2d 249 (S.D.N.Y. 2007).

*Welch v. Mr. Christmas Inc.* 57 N.Y.2d 143, 149, 454 N.Y.S.2d 971, 974-75 (1982).

*Davis v. High Soc. Magazine, Inc.*, 90 A.D.2d 374, 382, 457 N.Y.S.2d 308, 315 (2nd Dept. 1982).

*Thompson v. Close-Up, Inc.*, 277 A.D. 848, 98 N.Y.S.2d 300 (1st Dept. 1950).

*Russell v. Marboro Books*, 18 Misc. 2d 166, 183 N.Y.S.2d 8 (Sup. Ct. N.Y. County 1959).

NY775222.6
003001-10038

# INSTRUCTION NO. 7

**Plaintiff's Claims of Violations of Sections 50 And 51 Of New York Civil Rights Law**

**(Compensatory Damages)**

If you find American Apparel, Inc. has violated the New York Civil Rights Law, then you must render a verdict in a sum of money that will justly and fairly compensate Woody Allen for the fair market value of American Apparel, Inc.'s use of his image, for the injury to Woody Allen's feelings and mental anguish he sustained, and for the actual monetary harm resulting to Woody Allen from American Apparel's use of his image.

The total of the amounts you award as fair compensation for these items will be your verdict with respect to Woody Allen's claim for violation of the New York Civil Rights Law.

AUTHORITY:       Adapted from N.Y. PJI 3:46 (2d ed. 2009).

# INSTRUCTION NO. 8

## Determining the Fair Market Value of Woody Allen's Image

In assessing the fair market value of American Apparel's uses of Woody Allen's image and persona you may consider the following:

(1)  Woody Allen's fame, distinctiveness, stature, and celebrity;

(2)  The marketplace for uses of celebrity advertising in the United States and worldwide;

(3)  Compensation Woody Allen has received for prior commercial advertisements he has consented to;

(4)  The value of offers that Woody Allen has considered to appear or be involved with advertising even if those offers were rejected by him;

(5)  Woody Allen's general unwillingness or willingness to be involved with advertising and commercial activity;

(6)  The manner in which Woody Allen's image and persona were used by American Apparel, Inc.; and

(7)  Whether Woody Allen wished to be associated with a company such as American Apparel, Inc. and the likelihood he would have consented to American Apparel, Inc's uses of his image.

AUTHORITY:   *Clark v. Celeb Publ'g, Inc.*, 530 F. Supp. 979 (S.D.N.Y. 1981).

*Grant v. Esquire, Inc.*, 367 F. Supp. 876 (S.D.N.Y. 1973).

*Welch v. Mr. Christmas, Inc.*, 57 N.Y.2d 143, 454 N.Y.S.2d 971 (1982).

8

# INSTRUCTION NO. 9

## Plaintiff's Claims of Violations of Sections 50 And 51 Of New York Civil Rights Law

## (Exemplary Damages)

The damages I have discussed with you so far are called compensatory damages, because they are intended to compensate Woody Allen for the injuries sustained by the violation of his rights. In addition, Woody Allen is seeking exemplary damages. Exemplary damages are designed to punish a defendant who knowingly uses the name or picture of another in violation of the New York Civil Rights law and to discourage the defendant and others from similar violations of the law.

A showing of malice is not required for an award of exemplary damages. If you find that Woody Allen has proven that American Apparel, Inc. used his image knowing that Woody Allen had not consented to that use or that American Apparel, Inc. acted in reckless disregard of whether Woody Allen's consent was required, that is a knowing use and you may award Woody Allen exemplary damages.

No more need be shown than a knowing use or reckless disregard. However, reckless disregard does not mean carelessness. Rather, reckless disregard means a use by American Apparel, Inc. in conscious disregard of whether Woody Allen had consented to the use of his image, or of his rights to protect his own image.

In arriving at your decision as to the amount of exemplary damages you should consider these factors:

1) The nature and reprehensibility of what American Apparel, Inc. has done, including the character of the wrong doing and American Apparel, Inc.'s awareness of what harm the

conduct caused or was likely to cause. In considering the amount of exemplary damages to award, you should weigh this factor heavily.

(2) The actual and potential harm created by American Apparel, Inc's conduct.

(3) The size, profitability and financial condition of American Apparel, Inc.

In reporting your verdict, you will state the amount, if any, awarded by you as exemplary damages.

AUTHORITY:   Adapted from New York PJI § 3:46 (2nd ed. 2009).

*Cohen v. Hallmark Cards, Inc.*, 45 N.Y.2d 493, 500, 410 N.Y.S.2d 282, 286 n. 3 (1978).

*Welch v. Mr. Christmas Inc.* 57 N.Y.2d 143, 149, 454 N.Y.S.2d 971, 974-75 (1982).

*Hernandez v. Wyeth Ayerst Labs.*, 291 A.D.2d 66, 69, 738 N.Y.S.2d 336, 338-39 (1st Dept. 2002).

*Chilvers v. New York Magazine Co.,* 114 Misc. 2d 996, 988, 453 N.Y.S.2d 153, 155 (Sup. Ct. N.Y. County 1982).

NY775222.6
003001-10038

# INSTRUCTION NO. 10

## Plaintiff's Claim of Violation of Section 43 of the Lanham Act

### (Liability)

Plaintiff Woody Allen also alleges a claim for unfair competition under Section 43(a) of the Lanham Act. Woody Allen claims that American Apparel, Inc.'s uses of his image violated Section 43(a) of the Lanham Act by falsely portraying that Woody Allen was associated with, connected to, affiliated with, sponsoring or endorsing American Apparel, Inc.

The Lanham Act permits a plaintiff to recover damages against a defendant where the defendant has, (1) in commerce, (2) made a false or misleading representation of fact (3) in connection with goods or services (4) that is likely to cause consumer confusion as to the origin, sponsorship, approval, affiliation, connection, or association of the goods or services. Consumer confusion exists when: (1) the defendant used the plaintiff's identity; and (2) the use suggests that plaintiff sponsored or approved the defendant's product.

If you find that American Apparel, Inc.'s uses of Woody Allen's image were likely to cause members of the public to believe that Woody Allen was associating himself or was sponsoring or endorsing American Apparel, Inc., you must find for Woody Allen on the issue of Lanham Act, Section 43(a), liability.

AUTHORITY: *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 683 F.2d 704, 708 (2d Cir. 1982).

*Allen v. National Video, Inc.*, 610 F. Supp. 612 (S.D.N.Y.1985).

*Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 455 (S.D.N.Y. 2008).

*Kournikova v. General Media Commc'ns Inc.*, 278 F. Supp. 2d 1111, 1120 (C.D. Cal. 2003)

11

# INSTRUCTION NO. 11

## Likelihood of Confusion

In reaching the determination of whether American Apparel, Inc.'s uses of Woody Allen's images created a likelihood of confusion amongst members of the public, you should consider the following:

(1) WHETHER THE IMAGES USED BY AMERICAN APPAREL, INC. WERE RECOGNIZABLE IMAGES OF WOODY ALLEN.  The more the public recognizes that the images used by American Apparel, Inc. were the likeness of Woody Allen, the more likely they are to be confused as to whether Woody Allen is associated with, connected with, affiliated with, sponsors or endorses American Apparel, Inc.  If you find that Woody Allen enjoys a high level of recognition as a celebrity, then there is greater likelihood of confusion.

(2) THE SIMILARITY OF THE IMAGE USED BY AMERICAN APPAREL, INC. TO THE ACTUAL IMAGE OF WOODY ALLEN.  It is undisputed that American Apparel, Inc. used actual images of Woody Allen, thus, this factor weighs strongly in Woody Allen's favor.

(3) EVIDENCE OF ACTUAL CONFUSION AS TO SOURCE, SPONSORSHIP OR ASSOCIATION.  If you find that there is evidence that American Apparel, Inc.'s uses of Woody Allen's image led to actual confusion as to whether Woody Allen was associated with, connected with, affiliated with, sponsors or endorses American Apparel, Inc., this would strongly suggest a likelihood of confusion.

(4) SOPHISTICATION OF THE CONSUMERS TO WHOM THE IMAGES OF WOODY ALLEN WERE SHOWN.  In determining whether people are likely to be confused as to whether Woody Allen was associated with, connected with, affiliated with, sponsors or endorses American Apparel, Inc. you may consider the nature of the audience to whom the images were shown or exhibited.

(5) AMERICAN APPAREL, INC.'S GOOD OR BAD FAITH. In considering whether there is a likelihood of confusion as to whether Woody Allen was associated with, connected with, affiliated with, sponsors or endorses American Apparel, Inc. you may consider whether American Apparel, Inc.'s use of Woody Allen's image was intended to evoke an association with Woody Allen. If that is the case, then the defendant is charged with having been aware of the risk of consumer confusion, which indicates that their motives were not completely innocent and creates a stronger likelihood of confusion.

Your analysis of the above factors should not be mechanical and every factor need not necessarily be present. You should focus on the ultimate question of whether, looking at American Apparel, Inc.'s uses of Woody Allen's image in their totality, consumers are likely to be confused as to whether Woody Allen was associated with, connected with, affiliated with, sponsors or endorses American Apparel, Inc.

If you find that consumers were likely to be confused as to whether Woody Allen was associated with, connected with, affiliated with, sponsors or endorses American Apparel, Inc. then you should find for Woody Allen.

AUTHORITY: *Standard & Poor's Corp. v. Commodity Exch., Inc.*, 683 F.2d 704, 708 (2d Cir.1982).

*Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1007 (9th Cir.2001).

*Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 812 (9th Cir. 1997).

*Allen v. National Video, Inc.*, 610 F. Supp. 612 (S.D.N.Y.1985).

13

## JURY INSTRUCTION NO. 12

### Intent Not Required

Intent is not an element of a cause of action pursuant to the Lanham Act.  This means that Woody Allen need not prove that American Apparel, Inc. acted with malice or bad motive.

American Apparel, Inc. is charged with having knowledge of the provisions of Section 43 of the Lanham Act.

AUTHORITY: *Atkins v. Parker*, 472 U.S. 115 (1985).

*Bowmar Instrument Corp. v. Continental Microsystems, Inc.*, 497 F. Supp. 947 (S.D.N.Y. 1980).

*Krimstock v. Kelly*, 506 F. Supp. 2d 249 (S.D.N.Y. 2007).

# INSTRUCTION NO. 13

## Plaintiff's Claim of Violation of Section 43 of the Lanham Act

## (Actual Damages)

If you find that American Apparel, Inc.'s uses of Woody Allen's image caused members of the public to believe that Woody Allen was associating himself or was sponsoring or endorsing American Apparel, Inc. then you must award him damages in an amount which will reasonably and fairly compensate him for any injury you find was caused by American Apparel, Inc.'s use.

In determining how much to award Woody Allen you should consider the following:

(1)  The injury to Woody Allen's reputation;

(2)  The injury to Woody Allen's goodwill; and

(3)  The loss of Woody Allen's endorsement value as a result of American Apparel, Inc.'s use.

The total of the amounts you award as reasonable and fair compensation for each of these items will be your verdict on Woody Allen's claim for violation of Section 43(a) of the Lanham Act.

AUTHORITY:        Adapted from 3A Fed. Jury Prac. & Instr. § 159.91 (5th ed. 2001 & 2007 Supp.).

15 U.S.C. § 1117(a).

## INSTRUCTION NO. 14

**Plaintiff's Claim of Violation of Section 43 of the Lanham Act**

**(American Apparel, Inc.'s Profits)**

The damages I have discussed with you so far are called actual damages. In addition to actual damages, Woody Allen is entitled to any profits earned by American Apparel, Inc. that are attributable to its use of Woody Allen's image.

In determining the amount of profits to award Woody Allen, American Apparel, Inc. has the burden of proving the expenses and the portion of the profit attributable to factors other than its use of Woody Allen's image by a preponderance of the evidence. Unless you find that a portion of the profit from the sale of American Apparel, Inc.'s goods during its use of Woody Allen's image is attributable to factors other than the use of Woody Allen's image, you must find that the total profit during this time period is attributable to the use.

AUTHORITY:   Adapted from 3A Fed. Jury Prac. & Instr. §159.92 (5th ed. 2001 & 2007 Supp.).

**PLAINTIFF'S CLAIM OF VIOLATIONS OF SECTIONS 50 AND 51 OF NEW YORK CIVIL RIGHTS LAW**

1. Do you find that Defendant American Apparel Inc. used Woody Allen's picture for purposes of advertising or trade without obtaining his written consent?

    YES ___    NO ___

If yes, how much do you award Plaintiff Woody Allen in compensatory damages?

    $_____

If yes, do you find that Defendant American Apparel Inc. knowingly used Woody Allen's picture for purposes of advertising or trade without obtaining his written consent?

    YES ___    NO ___

If yes, how much do you award Plaintiff Woody Allen in exemplary damages?

    $_____

## PLAINTIFF'S CLAIM OF VIOLATION OF SECTION 43 OF THE LANHAM ACT

1. Do you find that American Apparel Inc.'s uses of Woody Allen's image were likely to cause members of the public to believe that Woody Allen was associated, affiliated, or connected with American Apparel, Inc. or was sponsoring or endorsing American Apparel?

YES ___     NO ___

If yes, how much do you award Plaintiff Woody Allen in actual damages?

$_____

If yes, how much of American Apparel's profits for the year 2007 do you award Plaintiff Woody Allen?

$_____

18

Dated: New York, New York
May 4, 2009

LOEB & LOEB LLP

By: _____
Michael P. Zweig (MZ-5318)
Christian D. Carbone (CC-6502)
Manny J. Caixeiro (MC-0218)
Shelly Elimelekh (SE-0597)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Plaintiff
Woody Allen