UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

WOODY ALLEN,

Plaintiff,

-against-

AMERICAN APPAREL, INC.,

Defendant.

---------------------------------------- x

08 Civ. 3179 (TPG) (KNF)

**DEFENDANT AMERICAN APPAREL, INC.'S PROPOSED VOIR DIRE**

Defendant American Apparel, Inc. ("American Apparel"), by and through its undersigned counsel, hereby respectfully files proposed voir dire for prospective jurors.

Defendant also respectfully asks the Court to pursue more detailed questioning if a particular prospective juror's answer reveals that further inquiry is appropriate.

**Proposed Questions**

**I. General Statement of the Case**

Good morning. You are here as a prospective juror in a civil case. The parties to that lawsuit are Woody Allen, the filmmaker, and American Apparel, Inc., the clothing wholesaler and retailer. In the case, Woody Allen claims that American Apparel took pictures from the movie *Annie Hall* depicting Mr. Allen as the character Alvy Singer and used them without Mr. Allen's consent on billboards, the American Apparel website and other locations. Mr. Allen contends that American Apparel thus used his image for advertising and commercial purposes and caused people to mistakenly believe that he had agreed to sponsor or endorse American Apparel or American Apparel products.

There is no dispute that American Apparel used photographs taken of Mr. Allen as the character Alvy Singer from the movie *Annie Hall*. There is also no dispute that American Apparel did not have Mr. Allen's permission to use the photographs.

However, American Apparel claims that its use of the photographs was permissible because they were not used to advertise American Apparel or American Apparel products or to sell t-shirts. Instead, American Apparel states that the photographs were used to artistically express the thoughts and feelings of American Apparel's CEO and President, Dov Charney, and were parody or social commentary intended to spark a debate. Thus, American Apparel contends that its use of the photographs was permitted by the First Amendment to the United States Constitution, which protects the freedom of speech.

We are about to select from among you the jurors who will sit in this case. At the close of the trial, you will be asked to return a verdict and, if appropriate, award damages.

All parties are entitled to know something about the persons who may sit as jurors. The law provides this procedure to insure that the parties receive the fairest possible trial. For this reason I am going to ask you certain questions. They are not meant to embarrass you in any way, but only to obtain the basic information necessary to permit the parties to make an informed choice of unbiased jurors for the case. It is thus very important that you listen carefully to the questions I ask and answer them truthfully and completely.

## II. Ability to Keep an Open Mind

1. As I have indicated, this case concerns claims for alleged false advertising, false endorsement, and violation of an individual's right of privacy and publicity. Do you have any feelings, one way or the other, about these types of claims that would make it difficult for you to serve as a juror and be fair to both sides?

2. I have also indicated that American Apparel contends that its use of the photographs was speech protected by the First Amendment. Do you have any feelings, one way or the other, about freedom of speech under the First Amendment that would make it difficult for you to serve as a juror and be fair to both sides?

3. Based upon what you have heard thus far, do any of you have a belief, one way or the other, concerning whether the verdict should be entered in favor of Mr. Allen or in favor of American Apparel?

4. Based upon what you have heard thus far, do you believe that you could not under any circumstances return a verdict in favor of American Apparel?

5. Do you believe that you can keep an open mind until the end of the case and decide this matter based solely upon the evidence you will hear and see and not based upon the preliminary impression you have currently formed?

6. Do you feel that you can judge the facts impartially where one party is an individual and the other party is a corporation?

**III. <u>Ability to Apply the Law as Given by the Court</u>**

The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing the Court or the lawyers say or do may in any way encroach upon your role as the exclusive fact finder. When it comes to the law, however, as distinguished from the facts, you are to take instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine the rights of the parties, based upon the legal principles, guidelines and standard of proof as I will explain these to you.

7. Do you have any reservations of any kind about accepting the relevant principles of the law, including the laws governing freedom of speech under the First Amendment, false

advertising, false endorsement and rights of privacy and publicity, as I will instruct you at the end of this trial?

8. Do you have any beliefs or ideas about any of these areas of the law that would make it difficult for you to accept the relevant principles of the law as I will instruct you at the end of this trial?

9. Will you accept the law in its entirety solely and exclusively as I will instruct you, whether or not it agrees with your understanding of the law or your opinion of what the law should be?

## IV. Ability to Render Fair Verdict: Publicity

Before I ask you further questions, I must add a preliminary but important word.

The matters you will be considering have been the subject of some publicity. Cases are tried in the courtroom under prescribed rules of procedure, and not in the media. You must not be influenced by anything you may have seen or heard outside the courtroom about this or any other case. The only evidence in a case which may properly be considered by the jury is the evidence that is admitted during the trial, that is, testimony and exhibits. This sworn testimony, together with the exhibits which the Court may admit, is the only evidence upon which a verdict may be entered in this case.

Unless you are able to put aside any fixed impression or opinion, if any, that you may have formed, from what you have heard or read, and can listen to the evidence with an open mind and render a verdict based solely and only on such evidence presented in this courtroom, you may not sit as a fair and impartial juror.

In short, you may not play a part in our judicial system, one of the highest privileges and duties of citizenship, unless your mind is honestly and fairly attuned to decide the issues without

bias or prejudice to any party. With that in mind, I ask each of you to consider the following questions very carefully:

10. Before coming here today, had you heard anything about a dispute between Mr. Allen and American Apparel?

11. Before coming here today, had you read or heard anything about this case?

12. Where did you read or hear about this case?

13. When was the last time you heard or read anything about this case?

14. What did you read or hear?

15. Based upon what you have read or heard, have you formed, or have you expressed to anyone else, an opinion as to any aspect of this case, including the rights of the respective parties?

16. Has anything you have read or heard about this case biased you in any respect with regard to the parties to this lawsuit or the claims asserted in this lawsuit that would make it difficult for you to render a fair and impartial verdict?

17. Do you feel that you can conscientiously listen to the testimony and examine the exhibits in this case and arrive at a conclusion unaffected by what you may have heard or read about this or any other case?

18. The trial is estimated to last approximately 10 days, will any of you find it difficult or impossible to serve as a juror for this length of time?

## V. <u>The Parties</u>

19. As I have indicated, the Plaintiff in this case is Woody Allen, the filmmaker. Do any of you personally know or have any association with Mr. Allen?

20. Do any of your family members or close friends know or have any association with Mr. Allen?

21. One of the films that Mr. Allen wrote, produced and acted in is a film called *Annie Hall*. Have you ever seen this film? If so, when was the last time that you saw it?

22. Have you seen any other films that Mr. Allen wrote, directed or acted in? How many?

23. Do you have any strong positive or negative opinions about Mr. Allen?

24. Do you think that your feelings, beliefs or opinions about Woody Allen would affect your ability to serve as a fair and impartial juror and to render a fair and impartial verdict based on the evidence presented in court and the court's instructions to you concerning the law?

25. Mr. Allen is represented by attorneys Michael Zweig, Christian Carbone, and Shelly Elimelekh of the law firm Loeb & Loeb, LLC. Do you know or have any association with Mr. Zweig, Mr. Carbone, or Ms. Elimelekh?

26. Do any of your family members or close friends personally know or have any association with Mr. Zweig, Mr. Carbone, or Ms. Elimelekh?

27. Have you been involved in a legal matter in which Loeb & Loeb, LLC was also involved or been employed by Loeb & Loeb, LLC?

28. Have any of your family members or close friends been involved in a legal matter in which Loeb & Loeb, LLC was also involved or ever been employed by Loeb & Loeb, LLC?

29. The Defendant in this case is American Apparel, a company that manufactures and sells garments. Have you heard of American Apparel?

30. Have you or any of your family members or close friends ever been employed by American Apparel?

31. Are you personally acquainted with any current or past employee of American Apparel?

32. Have you ever shopped at American Apparel? Did you shop at a store or online?

33. Do you have any strong positive or negative opinions about American Apparel?

34. Do you think that you feelings, beliefs or opinions about American Apparel would affect your ability to serve as a fair and impartial juror and to render a fair and impartial verdict based on the evidence presented in court and the court's instructions to you concerning the law?

35. Have you ever seen an advertisement for American Apparel? Where?

36. Do you have any strong positive or negative opinions about American Apparel's advertisements?

37. If you learned that some American Apparel advertisements have been described as "sexually provocative" or as "soft-core pornography", would that affect your ability to serve as a fair and impartial juror and to render a fair and impartial verdict based on the evidence presented in court and the court's instructions to you concerning the law?

38. If you learned that American Apparel permitted or even embraced a working environment in which employees were free to discuss and express their sexuality, would that affect your ability to serve as a fair and impartial juror and to render a fair and impartial verdict based on the evidence presented in court and the court's instructions to you concerning the law?

39. American Apparel's CEO and President is Dov Charney. Have you ever heard of Dov Charney?

40. Have you seen or read any media or press about Mr. Charney? When? What did you see or read?

41. Do you have any strong positive or negative opinions about Mr. Charney?

42. Do you think that you feelings, beliefs or opinions about Dov Charney would affect your ability to serve as a fair and impartial juror and to render a fair and impartial verdict based on the evidence presented in court and the court's instructions to you concerning the law?

43. American Apparel is represented by attorneys Stuart Slotnick and Kristi Davidson of the law firm of Buchanan Ingersoll & Rooney PC, and by attorney Dominick Piccininni, Jr. of the law firm of Curtis, Vasile P.C. Do you know Mr. Slotnick, Ms. Davidson, or Mr. Piccininni?

44. Do any of your family members or close friends know Mr. Slotnick, Ms. Davidson, or Mr. Piccininni?

45. Have you been involved in a legal matter in which Buchanan Ingersoll & Rooney, PC or Curtis, Vasile P.C. was also involved or been employed by Buchanan Ingersoll & Rooney, PC or Curtis, Vasile P.C.?

46. Have any of your family members or close friends been involved in a legal matter in which Buchanan Ingersoll & Rooney, PC or Curtis, Vasile P.C. was also involved or been employed by Buchanan Ingersoll & Rooney, PC or Curtis, Vasile P.C.?

**VI. <u>Witnesses</u>**

47. Do any of you know, or have you had any dealings with, any of the following persons or business entities, whose names or testimony may be part of the proof that will arise during the trial:

Stephen Tenenbaum

MBST Entertainment

John Burnham

International Creative Management, ICM

Soon-Yi Previn

Mia Farrow

Joel Faden

Leslee Dart

42 West

Letty Aronson

Iris Alonzo

Chris Berdine

Adrian Taylor

Alexandra Spunt

Rasmus Schionning

Carolina Crespo

Cynthia Semon

Benno Russell

Henry Magallon

Morris Charney

Adrian Kowalewski

Charles DeLauder

David Abitbol

Jacob Jacoby

Kenneth Hollander

Peter Sealey

Mark Roesler

Christopher Bakewell

Sylvia Safdie

Ariel Flores

Matthew Wiger

        Monness, Crespi, Hardt & Co.

Adam Levin

Larry Flint

Ruben Eustaquio

David Berger

@Radical Media

Christopher Miller

MGM

Garry Stelbourn

JWT Advertising

Keith Wexelblatt

Reebok

West Rubenstein

Supreme New York

Gail Slaughter

Mercedes Benz USA

Po Yi

American Express

Martin Dolfi

Kyung Chung

**VII. <u>The Uses</u>**

48. One of the uses at issue in this case is a billboard depicting Mr. Allen as a Hassidic Rabbi from the Easter dinner scene in the film *Annie Hall*. That billboard was displayed on the corner of Houston and Allen in New York City for approximately one week in 2007. Do you recall seeing the actual billboard during that time?

49. Pictures of that billboard have been republished by various media, including the New York Times. Do you recall seeing any pictures of the billboard?

50. Another use at issue in this case is a slideshow that appeared on americanapparel.net from approximately mid-April through mid-May 2007. Do you recall seeing that actual slideshow during that time?

## VIII. Questions for Individual Jurors

51. Where do you live?

52. Are you employed? If so, what is your occupation?

53. Are you retired? If so, what was your occupation prior to retirement?

54. Are you married or in a committed relationship?

55. Is your spouse or partner employed? If so, what is his or her occupation?

56. Is your spouse or partner retired? If so, what was his or her occupation prior to retirement?

57. Do you have children? If so, are any of them employed? What are their occupations?

58. What are your hobbies?

59. Are you associated with any celebrity?

60. Are you a member of a celebrity fan club?

61. Have you ever written a letter to a celebrity?

62. In school, in which area of study did you excel the most?

63. In school, which area of study did you enjoy the most?

64. Do you have any education or training in the visual arts?

65. Do you have any education or training in the law?

66. Do you have any education or training in advertising or marketing?

67. Do you have any education or training in viral marketing?

68. Do you know what viral marketing is?

69. Do you have an account with an Internet-based networking service such as Facebook, MySpace, or Twitter?

70. Have you ever been a party to a lawsuit? Were you the plaintiff or the defendant? Would your experience as a party affect your ability, in any way, to serve as a fair and impartial juror and render a fair and impartial verdict in this case based on the evidence presented at trial and the court's instructions to you on the law?

71. Have you ever testified as a witness in a case? If so, would your experience as a witness affect your ability, in any way, to serve as a fair and impartial juror and render a fair and impartial verdict in this case based on the evidence presented at trial and the court's instructions to you on the law?

72. Have you ever served as a trial juror before? Was that in a civil or criminal case? Would your experience as a juror affect your ability, in any way, to serve as a fair and impartial juror and render a fair and impartial verdict in this case based on the evidence presented at trial and the court's instructions to you on the law?

73. Have you or any family members or friends ever made a claim for any type of damages? If so, would their experience affect your ability, in any way, to serve as a fair and impartial juror and render a fair and impartial verdict in this case based on the evidence presented at trial and the court's instructions to you on the law?

74. Do you have any vision, hearing or other medical problems that may affect your service on the jury?

75. Are there any matters which you wish to bring to the attention of the attorneys in this case which you do not want to discuss in the presence of other potential jurors?

76. In sum, is there any fact, circumstance, opinion, impression, attitude or experience which would prevent you, if accepted as a juror in the trial of this case, from listening to the evidence with an open mind and deciding the issue fairly and impartially, solely and only upon the evidence and the Court's instructions as to the law?

## IX. Requested Instructions Following Impaneling of the Jury

It is your duty not to discuss this case among yourselves or with others, or to permit others to speak to you about this case. In fact, all parties and their attorneys have all been instructed not to speak with you at all. So don't be surprised if they fail to acknowledge your presence if you should see them at times when the trial is not in progress. It follows that you also should not attempt to speak to them. Should you find yourselves in the presence of other persons who are discussing this case, it is your duty to remove yourself from that discussion. This admonition includes discussions even with members of your own family or friends who might read or hear something about the case.

There also may be some newspaper attention given to this case, or there may be some talk about it on the radio, television or online blogs. If there is that kind of media attention during the trial, you must insulate yourselves from all information about this case, except what comes to you in the courtroom through the rules of evidence. So when you leave here and go to your home and pick up the paper, turn on the television or turn on the computer, and you see or hear anything about this case, you must put the paper down, turn the channel on your television or navigate away from the online discussion.

I cannot stress enough to you how important it is that you adhere to this instruction. The whole integrity of the trial process depends upon it. You have taken a solemn oath to decide this case solely upon the evidence that comes to you from the witness stand and the documents which are received in evidence here in court. You must not allow anyone to discuss this case with you

because then you would be receiving information that was not evidence. You must not even discuss this case among yourselves until the evidence is all submitted and you retire at the close of the case to deliberate. Again, the reason for this is quite simple. You cannot decide until all the evidence is before you. If you discuss this case among yourselves before that time, you may take a position one way or the other as to a piece of evidence. We all know that when a person takes a position, he or she sometimes is reluctant to change his or her mind. So to avoid that you are instructed to wait until all of the evidence is in, after you have heard the summations of counsel, and I have instructed you on the applicable law before you discuss this case.

Again, I want to emphasize that it is essential that you follow this instruction if we are to have a proper and fair trial for both sides.

Dated: May 4, 2009
New York, New York

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By:________________________
Stuart P. Slotnick (SS-1964)
Kristi A. Davidson (KD-4753)
620 Eighth Avenue, 23rd Floor
New York, NY 10018-1669
Phone: (212) 440-4400

LAW OFFICES OF CURTIS, VASILE P.C.
Dominick A. Piccininni, Jr. (DP-4303)
2174 Hewlett Avenue
PO Box 801
Merrick, New York 11566
Phone: (516) 623-1111

*Attorneys for Defendant*
*American Apparel Inc.*