UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x

WOODY ALLEN,

                                                    08 Civ. 3179 (TPG) (KNF)

                    Plaintiff,

        -against-

AMERICAN APPAREL, INC.,

                    Defendant.

_____ x

## DEFENDANT'S AMERICAN APPAREL, INC.'S
## PROPOSED JURY INSTRUCTIONS

        Defendant American Apparel, Inc. ("American Apparel"), through its counsel, pursuant

to Fed. R. Civ. P. 51 of the Federal Rules of Civil Procedure, respectfully requests the Court to

instruct the jury as set forth herein.  American Apparel reserves the right to amend, modify or

supplement these jury instructions at any time.

<u>Defendant's Request for Instruction No. 1:  Follow the Law</u>

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it, and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have a duty to determine the facts.  With respect to any fact matter, it is your recollection and yours alone that controls.

**AUTHORITY**:     K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions,* § 103.01 (5th ed. 2000) (hereinafter *Federal Jury Practice and Instructions*).

Accepted     _____          Rejected          _____

Defendant's Request for Instruction No. 2:  Need to be Unbiased

You have been chosen and sworn as jurors in this case.  You must perform your duties as jurors without bias or prejudice against, or sympathy for, any party.  The law does not permit you to be controlled by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**AUTHORITY**:      *Federal Jury Practice and Instructions*, § 71.01.

Accepted     _____          Rejected          _____

3

<u>Defendant's Request for Instruction No. 3:  Argument of Counsel</u>

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What Mr. Allen's or American Apparel's lawyers have said in its opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded, and should not be considered by you in reaching your verdict.  Anything you may have seen or heard outside the courtroom is not evidence, and must also be entirely disregarded.


**AUTHORITY:**        *Federal Jury Practice and Instructions*, § 103.30.

Accepted       _____          Rejected       _____

<u>Defendant's Request for Instruction No. 4:</u>

This case involves the alleged infringement of certain intellectual property rights.  In particular, Mr. Allen claims that his rights of privacy and publicity have been infringed and that American Apparel has engaged in false advertising and false endorsement.  American Apparel denies those claims and asserts that its use of the images of the character portrayed by Mr. Allen in the movie *Annie Hall* was speech or expression protected by the First Amendment to the United States Constitution.

Mr. Allen is not the owner of the copyright in the film *Annie Hall*, and this case is not about copyright infringement.

Accepted   _____      Rejected   _____

Defendant's Request for Instruction No. 5:  Preponderance of Evidence

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence.  If a party should fail to establish any essential element of any of its claims by a preponderance of the evidence, you should find for the other party as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If you find the credible evidence on a given issue is evenly divided between the parties -- that is equally probable that one side is right as it is the other side is right -- then you must decide that issue against the party having this burden of proof.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.


**AUTHORITY:**        *Federal Jury Practice and Instructions,* §§ 104.01; 159.49.

                    Accepted        _____        Rejected        _____

6

<u>Defendant's Request for Instruction No. 6:  Credibility of Witnesses</u>

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability and/or opportunity to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider the interest or lack of interest of any witness in the outcome of the case.  A witness who is interested in a case is not necessarily unworthy of belief, but this is a fact or a possible motive that you may consider in determining the weight and credibility of the testimony..

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  (Two or more persons seeing an event may see or hear it differently.)  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You must accept so much of the testimony as you deem true and disregard what you believe is false.  You, as sole judges of the facts, determine which of the witnesses you believe,

what portion of their testimony you will accept, what weight or significance you will give to it, and what inferences or conclusions you will draw from the exhibits.

**AUTHORITY:**      *Federal Jury Practice and Instructions* § 105.01; United States v. Rice, 77 Cr. 125 (S.D.N.Y.)

Accepted      _____            Rejected      _____

Defendant's Request for Instruction No. 7:  All Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**AUTHORITY:**     *Federal Jury Practice and Instructions,* § 105.11.

Accepted        _____        Rejected        _____

Defendant's Request for Instruction No. 8:  Verdict -- Unanimous -- Duty to Deliberate -- Communications With Court

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.  That means that each of you as jurors must agree upon the verdict.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**AUTHORITY:**       *Federal Jury Practice and Instructions,* § 106.01.  *See also* Fed. R. Civ. P. 48.

Accepted        _____        Rejected        _____

<u>Defendant's Request for Instruction No. 9:  Verdict Form</u>

It is proper to add the caution that nothing in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

**AUTHORITY:**  *Federal Jury Practice and Instructions.*  § 106.07.

Accepted  _____  Rejected  _____

<u>Defendant's Request for Instruction No. 10:  Expert Witness</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should not accept the opinion of an expert witness uncritically.  You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound or has been contradicted by that expert's prior opinions or statements, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**AUTHORITY:**      *Federal Civil Practice and Instructions*, § 104.40; *Giles v. Rhodes*, 171 F.Supp.2d 220, 227 (S.D.N.Y. 2001).

Accepted      _____      Rejected      _____

<u>Defendant's Request for Instruction No. 11:  Conflicting Experts</u>

You have heard testimony of experts who have been called by both sides to give their opinion about the value of Mr. Allen's endorsement and reputation, the existence or likelihood of confusion, which is an element of Plaintiff's claims, and of the alleged damage suffered by Mr. Allen.

The experts who testified in this case did so in order to assist you in reaching a decision on these issues.

The testimony of the experts is in conflict.  The experts disagree.  It may seem strange to you that you are called upon to resolve a conflict between experts who disagree.  But you must remember that you are the sole trier of the facts and their testimony relates to questions of fact, so it is your job to resolve the disagreement.

The way that you resolve the conflict between experts is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, since they gave expert opinions, you should consider the soundness of each expert's opinion, reasons for the opinion and his or her motive, if any, for testifying.

You may give the testimony of each expert such weight, if any, that you think it deserves in light of all the evidence.  You should not permit an expert's testimony to be a substitute for your own reason, judgment and common sense.

As I have mentioned before, the determination of the facts in this case rests solely with you.

**AUTHORITY:**        Sand, *Modern Federal Jury Instructions*, Sec. 76.01.

14

Defendant's Request for Instruction No. 12:  Speech Protected by First Amendment

In this case, American Apparel claims that its use of the *Annie Hall* images was permissible because it was speech protected by the First Amendment to the United States Constitution.  In particular, American Apparel claims that the *Annie Hall* images were used as artistic expression, as parodies, as social commentary and to initiate discussion of a newsworthy topic.  Artistic expression, parodies, social commentary and newsworthy subject matter are all forms of speech protected by the First Amendment.  I will define each of these for you in a moment.

If you find that American Apparel used the *Annie Hall* images for purposes of artistic expression, parody, social commentary, or to address a newsworthy topic – any one or a combination of these four – then American Apparel may not have been required by law to seek or to obtain Mr. Allen's permission.

The First Amendment states "Congress shall make no law . . . abridging the freedom of speech."  This includes not only written or spoken words, but also other modes of speech or expression, including photographs.  *Hurley v. Irish-American Gay, Lesbian, and Bisexual Group of Boston, Inc.*, 151 U.S. 557, 569 (1995).  As I stated, artistic expression, parody, social commentary, and discussion of newsworthy subject matter are all forms of speech that is protected by the First Amendment and therefore cannot be restricted by any law.

Even speech that is partially commercial in nature is protected by the First Amendment.  The fact that the speech may have contributed to increased sales or that a company may have profited from the speech does not necessarily mean that the speech is not protected by the First Amendment.  Likewise, the mere fact that the speech or expression was contained in advertising does not necessarily mean that it is not protected by the First Amendment.  Rather, in making

your determination, you should be guided by whether the use of the *Annie Hall* images was artistic expression, parody, social commentary, or discussion of a newsworthy topic, as I will define those terms.

Works of artistic expression may include books, music, pictures, films, photographs, paintings, drawings, engravings, prints, and sculptures that, on balance, contain an artistic rather than a commercial message.

A parody is defined as "the use of some elements of a prior author's composition to create a new one that, at least in part, comments on the author's work."

Social commentary generally refers to statements that cannot reasonably be interpreted as stating actual facts about an individual, and includes exaggeration, non-literal commentary, "imaginative expression", and "rhetorical hyperbole."

Finally, the scope of the subject matter which may be considered of "public interest" or "newsworthy" is liberally defined. The privilege of enlightening the public is not limited to dissemination of news in the sense of current events but extends far beyond to include all types of factual, educational and historical data, or even entertainment and amusement, concerning interesting phases of human activity in general.

If you conclude that American Apparel's use of the *Annie Hall* images was protected by the First Amendment as artistic expression, parody, social commentary or discussion of a newsworthy topic, you will then need to balance American Apparel's right to freedom of expression against Mr. Allen's right to control the use of his image. Mr. Allen's right to control the use of his image will overcome American Apparel's First Amendment right to freedom of expression only if you conclude that one of the following applies: (1) The use of Mr. Allen's image had no artistic relevance to the idea or concept being expressed; or (2) Although the use of

16

Mr. Allen's image had some artistic relevance to the idea or concept being expressed by American Apparel, American Apparel explicitly misled purchasers that Mr. Allen had endorsed American Apparel or was sponsoring its products.  Implied misrepresentation that Mr. Allen had endorsed American Apparel or was sponsoring its products is not sufficient for Mr. Allen's right to control the use of his image to overcome American Apparel's First Amendment right to freedom of expression.

**AUTHORITY:** *Riley v. Nat'l Fed'n of the Blind*, 487 U.S. 781, 795-96 (1988); *Bolger v. Youngs Drug Prods. Corp.*, 463 U.S. 60, 66 (1983); *New York Stock Exch., Inc. v. NY, NY Hotel LLC*, 293 F.3d 550, 555-56 (2d Cir. 2002); *Lacoff v. Buena Vista Pub., Inc.*, 183 Misc.2d 600, 607, 705 N.Y.S.2d 183, 189 (N.Y. Sup. 2000); *Rogers v. Grimaldi,* 695 F. Supp. 112 (S.D.N.Y. 1988); *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894 (9th Cir. 2002); *ETW v. Corp. v. Jireh Pub., Inc.*, 332 F.3d 915 (6th Cir. 2003); *Sugar Busters LLC v. Brennan*, 177 F.3d 258 (5th Cir. 1999); *Facenda v. N.F.L. Films*, 542 F.3d 1007 (3d Cir. 2008); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 580 (1994); *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005); *Lemerond v. Twentieth Century Fox Film Corp.*, 2008 U.S. Dist. LEXIS 26947 (S.D.N.Y., Mar. 31, 2008) (Preska, J.).

Accepted    _____    Rejected    _____

<u>Defendant's Request for Instruction No. 13:  Claims Under the Lanham Act</u>

If you find that American Apparel's use of the *Annie Hall* images was not protected speech under the First Amendment, then you must consider whether Mr. Allen has proven all of the elements of either or both of the two claims that he has made against American Apparel.  If you find that American Apparel's use of the *Annie Hall* images *was* protected speech under the First Amendment, then you should not go any further and should cease all deliberations and enter a verdict in favor of American Apparel.

Mr. Allen's first claim against American Apparel is for false advertising or false endorsement under a federal statute called the Lanham Act.  I will explain in a moment what each of these is.

Mr. Allen need only prove that American Apparel engaged in *either* false advertising *or* false endorsement for American Apparel to be liable under the Lanham Act.  If you conclude that American Apparel did not engage in either false advertising or false endorsement, then you must find in favor of American Apparel on the federal Lanham Act claim.  If, however, you conclude that American Apparel engaged in *either* false advertising *or* false endorsement or both, then you must find in favor of Mr. Allen on the federal Lanham Act claim.

I will now explain each of the elements first of a false advertising claim and then of a false endorsement claim.

In order for you to conclude that American Apparel is liable for false advertising, Mr. Allen must prove by a preponderance of the evidence that (1) that American Apparel has made false or misleading statements as to its own product or another's; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the

advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to Mr. Allen in terms of declining sales, loss of good will, or the like.  Mr. Allen must prove all of these elements.  If Mr. Allen fails to prove any one of these elements by a preponderance of the evidence, then he will have failed to prove that American Apparel is liable for false advertising.

In order for you to conclude that American Apparel is liable for false endorsement, Mr. Allen must prove by a preponderance of the evidence that (1) American Apparel made a false or misleading misrepresentation of fact; (2) that the misrepresentation was made in commerce; (3) that the misrepresentation was made in connection with the goods and services American Apparel provides; and (4) that the misrepresentation was likely to cause consumers of American Apparel's products to be confused as Mr. Allen's endorsement or sponsorship of American Apparel.  Mr. Allen must prove all of these four elements.  If Mr. Allen fails to prove any one of these four elements by a preponderance of the evidence, then he will have failed to prove that American Apparel is liable for false endorsement.

As I mentioned, one of the four elements Mr. Allen must prove for a false endorsement claim is that the misrepresentation was likely to cause consumers of American Apparel's goods to be confused as to the origin, sponsorship or approval of the goods.  Do not confuse this with a similar element of a false advertising claim in which Mr. Allen must prove that consumers of American Apparel's products actually were confused.

In determining whether American Apparel's consumers were likely to be confused for a false endorsement claim, you may draw upon your common experience as citizens of the community.  In addition to the general knowledge you have acquired throughout your lifetimes, you should also consider the following factors:

1.      the level of recognition that Mr. Allen has among the segment of society for whom American Apparel's products are intended;

2.      the relatedness of the fame or success of Mr. Allen to American Apparel's products;

3.      American Apparel's intent in selecting Mr. Allen;

4.      marketing channels used;

5.      evidence of actual confusion and the length of time that American Apparel used Mr. Allen's image before any evidence of actual confusion arose;

6.      likely degree of purchaser care;

7.      the similarity of the likeness used by American Apparel to Mr. Allen; and

8.      the likelihood of expansion of American Apparel's product lines.

No one of the factors I just listed is conclusive, but each aspect should be weighed in light of the total evidence presented at the trial.  Although these are all factors that are appropriate for consideration in determining the likelihood of confusion, they are not necessarily of equal importance, nor do they necessarily apply to every case.

Finally, with each of the Lanham Act claims, whether for false endorsement or for false advertising, you are assessing whether consumers of American Apparel products actually were confused or were likely to be confused during the time period in which the *Annie Hall* images were displayed in 2007.  When you are considering whether consumers of American Apparel products actually were confused at that time, you may take into account the results of a consumer survey conducted for purposes of this litigation, but only if a statistically significant number of the persons surveyed indicated that they were actually confused.

**AUTHORITY:**  Facenda v. N.F.L. Films, Inc., 542 F.3d 1007 (3d Cir. 2008); Johnson & Johnson * Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham Corp., 960 F.2d 294 (2d Cir. 1992); Warner-Lambert Co. v. Breathasure, Inc., 204 F.3d 87 (3d Cir. 2000).

Accepted      _____      Rejected      _____

20

<u>Defendant's Request for Instruction No. 14:  Right of Privacy and Publicity</u>

Mr. Allen claims that the defendant violated certain sections of the New York Civil Rights Law, which concerns invasion of his privacy and violation of his right of publicity.

According to Sections 50 and 51 of the New York Civil Rights Law, any person whose name, portrait, picture, or voice is used within the State of New York for purposes of advertising or trade without having first obtained the written consent of that person may sue and recover damages for any injuries sustained by reason of such use.

**AUTHORITY:**  4B N.Y.Prac., Commercial Litig. in New York State Courts, Right of Publicity Claims, Jury Instructions -- Pertinent Statutory Provisions, § 83:39, 40 (2d ed.).

Accepted        _____        Rejected        _____

<u>Defendant's Request for Instruction No. 15: Right of Privacy and Publicity -- Elements of Violation</u>

In order for Mr. Allen to establish a claim against American Apparel for invasion of privacy and for a violation of his right of publicity under §§ 50 and 51 of the New York Civil Rights Law, Mr. Allen must establish that American Apparel: (1) used Mr. Allen's picture for purposes of advertising or trade (2) within New York (3) without Mr. Allen's consent and (4) there was a direct and substantial connection between the appearance of Mr. Allen's name or likeness and the advertising or trade purpose to which the image was put.

In addition, Mr. Allen must prove that American Apparel intended to use Mr. Allen's image for purposes of selling t-shirts and other products. If you find that American Apparel did not have an intent to capitalize on its use of the *Annie Hall* images in this way, then Mr. Allen cannot establish his claim, and you must find in favor of American Apparel.

**AUTHORITY:** 4B N.Y.Prac., Commercial Litig. in New York State Courts, Right of Publicity Claims, Jury Instructions -- Elements of Violation, § 83:41 (2d ed.); *Beverly v. Choices Women's Medical Center, Inc.*, 78 N.Y. 2d 745 (1991); *Cohen v. Herbal Concepts,* 63 N.Y.2d 379 (1984); *Molina v. Phoenix Sound Inc.,* 297 A.D.2d 595 (1st Dept. 2002); *Molina v. Phoenix Sound, Inc.*, 747 N.Y.S.2d 227 (N.Y.App.Div. 2002); *Schoeman v. Agon Sports, LLC*, 816 N.Y.S.2d 701 (Sup. Ct. Nassau Co. 2006); *D'Andrea v. Rafla-Demetrious,* 972 F. Supp. 154 (E.D.N.Y.1997), *aff'd.,* 146 F.3d 63 (2d Cir.1998); *People v. Charles Schreibner's Sons*, 130 N.Y.S.2d 514 (N.Y.Cty.Ct 1954); *Nebb v. Bell Syndicate*, 41 F.Supp. 929 (S.D.N.Y. 1941).

Accepted _____     Rejected _____

Defendant's Request for Instruction No. 16:  Right of Privacy and Publicity -- Insignificant Use

Finally, Mr.  Allen's claim for invasion of privacy or violation of his right of publicity cannot be based upon an insignificant or fleeting use of the *Annie Hall* images.  It is for you, the jury, to determine whether American Apparel's use of the *Annie Hall* images was "insignificant" or "fleeting" such that it cannot serve as the basis for liability.


**AUTHORITY:**  *Doe v. Darien Lake Theme Park & Camping Resort, Inc.*, 715 N.Y.S.2d 825 (N.Y.App.Div. 2000); *Delan v. CBS, Inc.*, 458 N.Y.S.2d 608 (N.Y.App.Div. 1983); *Groden v. Liberty Cable*, 664 N.Y.S.2d 276 (N.Y.App.Div. 1997).


Accepted    _____    Rejected    _____

Defendant's Request for Instruction No. 17:  Right of Privacy and Publicity --
First Amendment Use

As with my prior instructions, even if you find that American Apparel's use of the *Annie Hall* images in this case was a "use for advertising purposes", you cannot hold American Apparel responsible for that use if you conclude that the use was protected speech or expression under the First Amendment.

**AUTHORITY:**   *Altbach v. Kulon*, 754 N.Y.S.2d 709 (N.Y.App.Div. 2003); *Waters v. Moore,* 70 Misc.2d 372, 334 N.Y.S.2d 428, 434 (N.Y.Sup.Ct. 1972); *Rubino v. Slaughter,* 136 N.Y.S.2d 873, 874 (N.Y.Sup.Ct.1954); *Burck v. Mars, Inc.*, 571 F. Supp.2d 446, 451 (S.D.N.Y. 2008); *Ann-Margret v. High Society Magazine, Inc.*, 498 F. Supp. 401, 404 (S.D.N.Y. 1980).

Accepted        _____        Rejected        _____

<u>Defendant's Request for Instruction No. 18:  Damages</u>

If you find in favor of American Apparel on both of Mr. Allen's claims, you will not need to go on to consider damages.  The fact that I have instructed you as to the proper measure of damages should not be considered as indicating that you should find in favor of Mr. Allen. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Mr. Allen from a preponderance of the evidence in the case in accordance with the other instructions.

**AUTHORITY:**       *Federal Jury Practice and Instructions,* § 106.02.


Accepted       _____         Rejected       _____

<u>Defendant's Request for Instruction No. 19:  Right of Publicity -- Compensatory Damages</u>

Section 51 of the New York Civil Rights Law allows a plaintiff to recover damages for any injuries sustained by reason of an unauthorized use of that plaintiff's name, portrait, picture or voice in advertising or for purposes of trade.  In this case, you may award Mr. Allen such an amount equivalent to, in the exercise of your good judgment and common sense, the appropriation of the publicity value of Mr. Allen's picture, and the actual pecuniary harm resulting to Mr. Allen from American Apparel's use of the *Annie Hall* images.


**AUTHORITY:**  4B N.Y.Prac., Commercial Litig. in New York State Courts, Right of Publicity Claims, Jury Instructions -- Compensatory Damages, § 83:42 (2d ed.).


Accepted    _____        Rejected       _____

Defendant's Request for Instruction No. 20:  Right of Publicity -- Actual Pecuniary Harm

"Actual pecuniary harm" means the income loss up to the present time as a result of the publication, plus the amount by which you find that Mr. Allen's capacity to earn income in the future from his name, picture, or portrait has been diminished.

**AUTHORITY:**  4B N.Y.Prac., Commercial Litig. in New York State Courts, Right of Publicity Claims, Jury Instructions -- Compensatory Damages, § 83:43 (2d ed.).

Accepted      _____      Rejected      _____

<u>Defendant's Request for Instruction No. 21:  Right of Publicity --</u>
<u>Limitation to Usage Within New York State</u>

If you find that Mr. Allen is entitled to recover damages for the use of the *Annie Hall*

images within the State under the Civil Rights Law, you may only award damages based on uses

within the State of New York.


**AUTHORITY:**  4B N.Y.Prac., Commercial Litig. in New York State Courts, Right of Publicity

Claims, Jury Instructions -- Compensatory Damages, § 83:44 (2d ed.).


Accepted    _____    Rejected    _____

<u>Defendant's Request for Instruction No. 22:  Lanham Act -- Damages</u>

If you find for Mr. Allen, you must determine Mr. Allen's damages.  Mr. Allen has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was proximately caused by American Apparel's use of the *Annie Hall* images.

You should consider whether any of the following exists, and if so to what extent, in determining Mr. Allen's damages:

1. Any injury to the Mr. Allen's reputation;

2. Any injury to Mr. Allen's goodwill, including any injury to Mr. Allen's general business reputation;

3. Any loss of Mr. Allen's business as a result of the American Apparel's use of the *Annie Hall* images;

4. Any loss of Mr. Allen's profits;

5. Any expense of preventing customers from being deceived;

6. Any cost of future corrective advertising reasonably required to correct any public confusion caused by American Apparel's use of the *Annie Hall* images; and

7. Any other factors that bear on Mr. Allen's actual damages.

Mr. Allen's damages may also be measured by the fair market value of his services. When considering damages, you must not over compensate.

**AUTHORITY:**   *Federal Jury Practice and Instructions*, § 159.91; *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992).

<u>Defendant's Request for Instruction No. 23:  Right of Publicity -- Exemplary Damages</u>
**[To Be Used Only in Second Phase of Trial to the Extent Liability Is Found Under the New York Civil Rights Act and Damages Have Been Awarded]**

Now that you have found that American Apparel is liable to Mr. Allen and have assessed compensatory damages under the New York Civil Rights Act, I will instruct you on exemplary damages.  You are not required to award exemplary damages.  They are purely within your discretion and may or may not be awarded based upon the criteria I will discuss.

If you find that American Apparel used the *Annie Hall* images knowingly or recklessly you may in your discretion award Mr. Allen exemplary damages.  You may take into consideration whether or not American Apparel believed in good faith that it was not acting in violation of Mr. Allen's rights in exercising your discretion.

The burden of proving knowing or reckless use is upon Mr. Allen.

There is no exact rule by which to determine the amount of exemplary damages.  You may fix such amount as you find, in your sound judgment and discretion, based on all of the facts before you, will serve to punish American Apparel and to deter others from like violations.

**AUTHORITY:**  4B N.Y.Prac., Commercial Litig. in New York State Courts, Right of Publicity Claims, Jury Instructions -- Knowing or Reckless Use, § 83:46 (2d ed.).

Accepted        _____        Rejected        _____

Defendant's Proposed Instruction No. 24:  Testimony By Deposition
**[To Be Used Before First Time Either Party Submits Deposition Testimony]**

A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial.  A witness' testimony may sometimes be presented in the form of a deposition if the witness is not present or if the testimony in court contradicts the witness' deposition testimony.  Some time before this trial, attorneys representing the parties in this case questioned this witness under oath.  A court reporter was present and recorded the testimony.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

**AUTHORITY:** *Federal Jury Practice and Instructions.* § 102.23.

Accepted        _____        Rejected        _____

Dated:  May 4, 2009
         New York, New York

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By:_____
     Stuart P. Slotnick (SS-1964)
     Kristi A. Davidson (KD-4753)
     620 Eighth Avenue, 23rd Floor
     New York, NY  10018-1669
     Phone:  (212) 440-4400

LAW OFFICES OF CURTIS, VASILE P.C.
     Dominick A. Piccininni, Jr. (DP-4303)
     2174 Hewlett Avenue
     PO Box 801
     Merrick, New York 11566
     Phone: (516) 623-1111

*Attorneys for Defendant*
*American Apparel Inc.*