# EXHIBIT 1

Michael P. Zweig (MZ-5318)
Christian D. Carbone (CC-6502)
Shelly Elimelekh (SE-0597)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Plaintiff
Woody Allen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

WOODY ALLEN,                                        :

                          Plaintiff,                :

                                                    :        08 Civ. 3179 (TPG)(KNF)
            -against-                               :
                                                             **NOTICE OF SUBPOENA**
AMERICAN APPAREL, INC.,                             :

                          Defendant.                :

-------------------------------------------------------- X

   **PLEASE TAKE NOTICE THAT**, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, plaintiff Woody Allen, by his attorneys, Loeb & Loeb LLP, will serve the

document subpoena annexed hereto directed to the following non-party: Integrated Corporate

Relations, Inc., 441 Lexington Avenue, 4th Floor, New York, New York, 10017.

Dated: New York, New York
   March 16, 2009

         LOEB & LOEB LLP

        By:_____
         Michael P. Zweig (MZ-5318)
         Christian D. Carbone (CC-6502)
         Shelly Elimelekh (SE-0597)
         345 Park Avenue
         New York, New York 10154-1895
         (212) 407-4000

         Attorneys for Plaintiff
         Woody Allen

OAO 88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SOUTHERN  DISTRICT OF  NEW YORK

WOODY ALLEN

V.

AMERICAN APPAREL, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number: 08 Civ. 3179 (TPG)(KNF)

TO: Integrated Corporate Relations, Inc.
441 Lexington Avenue
4th Floor
New York, NY 10017

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attached Schedule A - Document Requests

| PLACE   Loeb & Loeb LLP, 345 Park Avenue New York, New York 10154 | DATE AND TIME March 30, 2009 (10:00 a.m.) |
|---|---|

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    (Attorney for Plaintiff) | DATE March 16, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shelly Elimelekh, Esq., Loeb & Loeb LLP
345 Park Avenue, New York, New York 10154 (212) 407-4000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                              DATE                                                      SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## SCHEDULE A

### Documents Requested

1.      Any and all materials prepared or presented by or on behalf of AAI at the 10th Annual ICR Xchange Conference, held at The St. Regis Monarch Beach Resort & Spa, Dana Point, California.

2.      Any and all presentations or investor decks prepared by or on behalf of AAI containing the name Woody Allen and/or any likeness or image of Allen.

3.      All Documents, including, but not limited to, any e-mails reflecting communications between ICR and AAI about Allen and/or the use of his name, likeness or image.

### Definitions and Instructions

1.      The terms "American Apparel," "Defendant," or "AAI" shall mean American Apparel, Inc., its officers, directors, agents, representatives, employees, successors, predecessors, affiliates, shareholders or others acting in concert with it.

2.      The term "Allen" shall mean plaintiff Woody Allen.

3.      The term "ICR" shall mean Integrated Corporate Relations, Inc.

4.      The definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York are expressly incorporated herein by reference and shall apply to these Document Requests unless expanded by the following definitions.

5.      The term "Document" is used in the broadest sense and includes, but is not limited to, all original and non-identical copies, whether by reason of marginalia, or other notes or alterations, and all preliminary or subsequent drafts of the following items (each

draft, non-identical copy or marked version being a separate document), whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand, including, but not limited to: agreements; communications, including intercompany and intracompany communications; transcripts; reports; correspondence; telegraphs or telegrams; cables; telexes; memoranda; records; books; calendars; summaries, notes or records of personal conversations or interviews; diaries; graphs; charts; computer records; e-mail; computer software; computer disks; diagrams; notebooks; notecharts; plans; pictures; recordings; tapes; accounts; analytical records; summaries, notes or records of meetings or conferences; memoranda; opinions or reports of consultants or others; appraisals; reports or summaries of negotiations; market studies; corporate minutes or resolutions; photographs; motion picture film; video or audio tape; brochures; pamphlets; bulletins; advertisements; circulars; advertising literature; press releases; drafts; letters; projections; working papers; checks (front and back); check stubs; receipts; deposit slips or other records; any information contained in any computer or information retrieval devices; any marginal comments appearing on or affixed to any paper or writing; and other matter constituting a "document" or "tangible thing" within the meaning of the Federal Rules of Civil Procedure.

6.      The term "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, conversations, dialogues, discussions, interviews, transmissions of information and/or data between persons, consultations, agreements, and other understandings, between two or more persons.

7.      The term "relating to," "related to," "relate to" or "concerning" shall mean to be relevant in any way to the subject matter in question, including, without limitation, all information that directly or indirectly contains, records, reflects, summarizes, evaluates, refers to, is pertinent to, indicates, comments upon, or discusses the subject matter or that states the background of, or was the basis for, or that records, evaluates, was referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, position, decision, belief, or assertion concerning the subject matter.

8.      Unless otherwise stated, the Documents requested herein are for the period of January 1, 2007 through April 31, 2008.

Michael P. Zweig (MZ-5318)
Christian D. Carbone (CC-6502)
Shelly Elimelekh (SE-0597)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Plaintiff
Woody Allen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
WOODY ALLEN,                                              :

                         Plaintiff,               :

              -against-                      :               08 Civ. 3179 (TPG)(KNF)

                                               **NOTICE OF SUBPOENA**
AMERICAN APPAREL, INC.,                                  :

                        Defendant.               :

----------------------------------------------------------- X

        **PLEASE TAKE NOTICE THAT**, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, plaintiff Woody Allen, by his attorneys, Loeb & Loeb LLP, will serve the

document subpoena annexed hereto directed to the following non-party: Monness, Crespi, Hardt

& Co., Inc., 767 Third Avenue, 16th Floor, New York, New York, 10017.

Dated: New York, New York
       April 15, 2009

                               LOEB & LOEB LLP

                               By:_____
                                   Michael P. Zweig (MZ-5318)
                                   Christian D. Carbone (CC-6502)
                                   Shelly Elimelekh (SE-0597)
                                   345 Park Avenue
                                   New York, New York 10154-1895
                                   (212) 407-4000

Attorneys for Plaintiff
Woody Allen

*

2

OAO 88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN   DISTRICT OF   NEW YORK

WOODY ALLEN

V.

AMERICAN APPAREL, INC.

### SUBPOENA IN A CIVIL CASE

Case Number:[1] 08 Civ. 3179 (TPG)(KNF)

TO: Monness, Crespi, Hardt & Co., Inc.
767 Third Avenue
16th Floor
New York, New York 10017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule A - Document Requests

| PLACE   Loeb & Loeb LLP, 345 Park Avenue New York, New York 10154 | DATE AND TIME April 22, 2009 (10:00 a.m.) |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   (Attorney for Plaintiff) | DATE April 15, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shelly Elimelekh, Esq., Loeb & Loeb LLP
345 Park Avenue, New York, New York 10154 (212) 407-4000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
              DATE                                SIGNATURE OF SERVER

                                                 _____
                                                 ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## SCHEDULE A

### Documents Requested

1.      Any and all initiation reports prepared by MCH regarding AAI, including, but not limited to, the initiation report prepared by Matthew Wiger which contained the likeness or image of Allen.

2.      Any and all materials prepared or presented by or on behalf of AAI at the 10th Annual ICR Xchange Conference, held at The St. Regis Monarch Beach Resort & Spa, Dana Point, California.

3.      Any and all reports, presentations or investor decks prepared by or on behalf of AAI containing the name Woody Allen and/or any likeness or image of Allen.

4.      All Documents, including, but not limited to, any e-mails reflecting communications between MCH and AAI about Allen and/or the use of his name, likeness or image.

### Definitions and Instructions

1.      The terms "American Apparel," "Defendant," or "AAI" shall mean American Apparel, Inc., its officers, directors, agents, representatives, employees, successors, predecessors, affiliates, shareholders or others acting in concert with it.

2.      The term "Allen" shall mean plaintiff Woody Allen.

3.      The term MCH shall mean Monness, Crespi, Hardt & Co., Inc., its officers, directors, agents, representatives, employees, successors, predecessors, affiliates, shareholders or others acting in concert with it.

4.      The term "ICR" shall mean Integrated Corporate Relations, Inc.

5.    The definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York are expressly incorporated herein by reference and shall apply to these Document Requests unless expanded by the following definitions.

6.    The term "Document" is used in the broadest sense and includes, but is not limited to, all original and non-identical copies, whether by reason of marginalia, or other notes or alterations, and all preliminary or subsequent drafts of the following items (each draft, non-identical copy or marked version being a separate document), whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand, including, but not limited to: agreements; communications, including intercompany and intracompany communications; transcripts; reports; correspondence; telegraphs or telegrams; cables; telexes; memoranda; records; books; calendars; summaries, notes or records of personal conversations or interviews; diaries; graphs; charts; computer records; e-mail; computer software; computer disks; diagrams; notebooks; notecharts; plans; pictures; recordings; tapes; accounts; analytical records; summaries, notes or records of meetings or conferences; memoranda; opinions or reports of consultants or others; appraisals; reports or summaries of negotiations; market studies; corporate minutes or resolutions; photographs; motion picture film; video or audio tape; brochures; pamphlets; bulletins; advertisements; circulars; advertising literature; press releases; drafts; letters; projections; working papers; checks (front and back); check stubs; receipts; deposit slips or other records; any information contained in any computer or information retrieval devices; any marginal comments appearing on or affixed to any paper or writing; and other matter constituting a "document" or "tangible thing" within the meaning of the Federal Rules of Civil Procedure.

7.     The term "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, conversations, dialogues, discussions, interviews, transmissions of information and/or data between persons, consultations, agreements, and other understandings, between two or more persons.

8.     The term "relating to," "related to," "relate to" or "concerning" shall mean to be relevant in any way to the subject matter in question, including, without limitation, all information that directly or indirectly contains, records, reflects, summarizes, evaluates, refers to, is pertinent to, indicates, comments upon, or discusses the subject matter or that states the background of, or was the basis for, or that records, evaluates, was referred to, relied upon, utilized, generated, transmitted, or received in arriving at any conclusion, opinion, estimate, position, decision, belief, or assertion concerning the subject matter.

9.     Unless otherwise stated, the Documents requested herein are for the period of January 1, 2007 through April 31, 2008.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
WOODY ALLEN,                                      :

              Plaintiff,                       :

          -against-                               :    Case No. 08 Civ. 3179(TPG)(KNF)

AMERICAN APPAREL, INC.,                   :

             Defendant.                    :

--------------------------------------------------------- X

## STIPULATED PROTECTIVE ORDER

WHEREAS, it is contemplated that, in the course of discovery or otherwise, the parties to this action may disclose documents, information or things that may contain or constitute trade secrets, proprietary information and/or other confidential information to opposing parties, counsel, expert witnesses, or other persons participating or assisting in this lawsuit;

WHEREAS, the parties desire to keep the aforementioned confidential documents, information or things confidential, and at the same time allow for appropriate discovery under the Federal Rules of Civil Procedure to take place in this action;

WHEREFORE, the parties, by their respective counsel, hereby agree and stipulate, pursuant to Federal Rule of Civil Procedure 26(c), that the following Stipulated Protective Order shall govern the handling, use and disclosure of certain documents and information defined below.

1.    When used in this Stipulated Protective Order, the term "Confidential Material" shall mean, and shall be expressly limited to, (a) trade secrets, proprietary business information or other research, development, marketing, financial or other business information, but only to

the extent that the information is not generally known or publicly available and the Disclosing Party has taken reasonable steps to ensure its secrecy or confidentiality; and (b) confidential, non-public information concerning individuals, but only to the extent that the person has taken reasonable steps to ensure the information's secrecy or confidentiality. This definition of Confidential Material shall be strictly and narrowly interpreted and, under all circumstances, shall not be construed to include documents or information lawfully obtained by a party independently of this litigation (unless that information was obtained under circumstances requiring confidential treatment) or to include documents or information that at or prior to disclosure were a matter of public knowledge or after disclosure become public knowledge other than by an act or omission of a party or its agents.

2.    When used in this Stipulated Protective Order, the term "Discovery Materials," shall include, without limitation, documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged by, among, or between the parties or non-party signatories in connection with discovery in the Action.

3.    When used in this Stipulated Protective Order, the word "Document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof. A party, person, or entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

4.    This Stipulated Protective Order shall also apply to Discovery Materials provided by any third party and a copy of this Order shall be enclosed as an exhibit to a subpoena or with any request for documents from a third party. The parties may, subject to the provisions of this Stipulated Protective Order, designate as "Confidential Material" any testimony, information or

2

document obtained during discovery in this Action from a third party or Disclosing Party that a party reasonably and in good faith believes reveals a trade secret, or other confidential research, development, financial, personal or commercially sensitive information that requires the protections provided by paragraph 8 of this Stipulated Protective Order or that otherwise is entitled to protective treatment under Rule 26(c) of the Federal Rules of Civil Procedure, including any portion thereof and any summaries, abstracts, or other information derived therefrom, that can appropriately be designated in good faith as confidential.

5.      Information designated as Confidential Material that is produced, provided or exchanged in the course of this Action (other than information that is publicly available) shall be used by the party or parties to whom the information is provided solely for purposes directly related to the prosecution or defense of this litigation, and not for any business, competitive, or governmental purpose or function whatsoever.

6.      Testimony given at a deposition may be designated as Confidential Material by making a statement to that effect on the record during the deposition. The deponent or deponent's counsel shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Material orally at the deposition. In addition, within thirty (30) days after receipt of a transcript or recording of a deposition the parties also may designate such transcript or recording or any portion thereof, by notifying all parties, in writing, of the specific pages and lines of the transcript or recording which should be treated as Confidential Material.

7.      To designate information or material (other than deposition or hearing transcripts) as Confidential Material, the Disclosing Party (or third party) shall stamp such material "Confidential." Such markings will be made in a manner which does not obliterate or obscure

3

the content of the document or other tangible Discovery Material. Where such marking of each piece of such material is impossible or impractical, the producing party shall designate in writing that information or material that it regards as containing Confidential Material at the time of its production. Information or material that is in the form of an audio or video recording shall be treated as "Confidential" whether or not it has been stamped "Confidential." The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control access to, duplication of and distribution of copies of material stamped "Confidential."

8.      Any summary, compilation, note, excerpt, paraphrasing, copy, electronic image or database containing material and/or information designated as "Confidential" shall be subject to the terms of this Stipulated Protective Order to the same extent as the material or information from which such summary, compilation, notes, excerpt, paraphrasing, copy, electronic image, or database is made or derived.

9.      The parties agree that Confidential Material will not be disclosed to persons other than (a) the parties; (b) the parties' counsel and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the conduct of the Action, *provided, however*, that such disclosure may solely be for use in accordance with this Stipulated Protective Order; (c) experts or consultants and their employees and/or staff members engaged to assist counsel for a party in the Action; (d) any witness or potential witness, whether at trial, a hearing or deposition, and counsel for that witness or potential witness, to the extent a party or its counsel determines in good faith that such disclosure is necessary for purposes of prosecuting or defending this litigation; (e) the Court, Court personnel, any juror or any court reporter employed in this action; (f) outside vendors,

4

such as copy services, computer services or litigation support services, including deposition stenographers and videographers, to the extent necessary for the prosecution or defense of this Action; (g) counsel for insurance companies that may be liable to satisfy part or all of a judgment that may be entered in this Action; (h) any person who previously prepared or received such Confidential Discovery Materials; and (i) any other person only upon order of the Court or upon stipulation of the Disclosing Party. Confidential Material shall not be disclosed to any person identified in category (c) or (d) above until such person has been shown a copy of this Stipulated Protective Order and has first agreed in writing to be bound by the terms of this Stipulated Protective Order by executing the Acknowledgment attached hereto as Exhibit 1.

10.    If any party wishes to submit any Confidential Material to the Court prior to the trial of this Action, the party shall take reasonable steps to maintain the confidentiality of the Confidential Material. To the extent possible, the party shall submit the Confidential Material in a redacted format which does not disclose the Confidential Information. If redaction is not feasible, then the party shall, unless otherwise directed by the Court, submit such Confidential Material "under seal" by filing it in a sealed envelope or other appropriate sealed container marked on the outside with the title of the Action, an identification of each item within and a statement substantially as follows: "CONFIDENTIAL MATERIAL FILED UNDER SEAL." In the event that a party attempts to file Confidential Material pursuant to the terms of this Stipulated Protective Order but is unsuccessful, the parties agree that they shall work together to correct the filing error, and in no event shall the unsuccessful filing be deemed untimely or the submitting party be prejudiced in any way by the failed submission.

11.    Confidential Material may be used to examine or cross-examine any witness or retained expert at any hearing, deposition or trial of this Action. Any party shall have the right to

5

request the Court to exclude or sequester any individual other than the attorneys for persons who have agreed to terms of this Protective Order prior to or during the disclosure of any Confidential Material.

12.     In the event that any Confidential Material is used in this Action or any appeal therefrom, it shall not lose its status as Confidential Material through such use, and the party using said information shall take all steps necessary to protect its confidentiality during such use, including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*.

13.     Inadvertent failure to designate material as Confidential Material at the time of production shall not be deemed a waiver of the producing party's right to so designate the material and may be remedied by supplemental written notice. If such notice is given, all material so designated shall be fully subject to this Stipulated Protective Order as if it had been initially designated as Confidential Material. After any designation is made in accordance with this paragraph, counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material within their possession or control as Confidential Material.

14.     A party's compliance with the terms of this Stipulated Protective Order shall not operate as an admission that any particular testimony, information or document is or is not (a) confidential or (b) privileged.

15.     Nothing herein shall be construed to affect in any way the admissibility of any testimony, document or other evidence. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Material.

16.     All Confidential Material, and copies thereof (other than copies of documents filed with the Court) shall be destroyed or returned to the parties (at the election of the parties)

6

within thirty (30) days of a final adjudication (including any appeals) or other termination of this litigation. If a party chooses to destroy documents after the litigation has concluded, that party shall certify such destruction in writing to the producing party upon written request for such certification by the Disclosing Party.

17.     This Stipulated Protective Order shall continue in effect after termination of this Action and continue to be binding on all persons to whom information or material in this Action was provided.

18.     If Confidential Material is disclosed to or comes into the possession of any person other than in a manner authorized in this Stipulated Protective Order, the party responsible for the disclosure shall immediately inform the other parties in possession of such Confidential Material pursuant to the terms of this Stipulated Protective Order of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received Confidential Material.

19.     If at any time a party objects to a designation of information or documents as Confidential Material under this Stipulated Protective Order, the objecting party shall notify the Disclosing Party in writing. The Objecting Party shall identify the information or documents in question, and shall specify the reason or reasons for objection. The Disclosing Party and Objecting Party shall meet and confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the Disclosing Party may apply within fifteen (15) calendar days from the date the parties met and conferred for a ruling on the Disclosing Party's designation of the information or documents as Confidential Material. While any such application is pending, the documents or material subject to that application will remain Confidential Material until the court rules. If the Disclosing Party does not apply to the court for

7

a ruling on its designation of the information or documents as Confidential Material within the time prescribed herein, the information or documents will no longer be deemed Confidential Material.   The Disclosing Party shall have the burden of showing that the information or document is Confidential Material under Rule 26(c) of the Federal Rules of Civil Procedure or this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall be construed as preventing any party from objecting to the designation of any document as Confidential Material, or preventing any party from seeking further protection for any Confidential Material it produces in discovery.

20. Any person in possession of Confidential Material who receives a subpoena (or other process) from any person (including natural persons, corporations, partnership, firms, governmental agencies, departments, or bodies, boards, or associates) who is not a party to this Stipulated Protective Order, seeking production or other disclosure of another party's Confidential Material, shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for the designating party, person or entity, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the later of (a) ten (10) days following the date on which notice is given or (b) the return date of the subpoena, unless otherwise required by applicable law or by court order.

Dated:  New York, New York
         January 13, 2009

LOEB & LOEB LLP

By: _____
      Michael P. Zweig (MZ-5313)
      Christian Carbone (CC-6502)
      Shelly Elimelekh (SE-0597)
      345 Park Avenue
      New York, New York 10154
      Phone: (212) 407-4000

*Attorneys for Plaintiff*
*Woody Allen*

Dated:  New York, New York
         January 13, 2009

BUCHANAN INGERSOLL & ROONEY PC

By: _____
      Stuart P. Slotnick (SS-1964)
      Kristi A. Davidson (KD-4753)
      620 Eighth Ave., 23rd Floor
      New York, New York 10018
      Phone: (212) 440-4400
      Fax: (212) 440-4401

LAW OFFICES OF CURTIS, VASILE
P.C.

By: _____
      Dominick A. Piccininni, Jr. (DP-4303)
      2174 Hewlett Avenue
      PO Box 801
      Merrick, New York 11566
      Phone: (516) 623-1111

*Attorneys for Defendant*
*American Apparel, Inc.*

SO ORDERED:

_____
      Honorable Thomas P. Griesa
      United States District Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

WOODY ALLEN,                                 :

    Plaintiff,            :

   -against-                    :   Case No. 08 Civ. 3179(TPG)(KNF)

AMERICAN APPAREL, INC.,                       :

    Defendant.            :

-------------------------------------------------- X

### EXHIBIT 1

### Declaration Concerning Material Covered By Stipulated Protective Order

  I, the undersigned, hereby declare that I have read the attached Stipulated Protective Order entered in the Action pending in the United States District Court for the Southern District of New York, entitled *Allen v. American Apparel, Inc.*, Civil Action No. 08-Civ-3179. I understand the terms of this Stipulated Protective Order. I also understand that I am authorized to receive Confidential Material subject to this Protective Order.

  I agree to abide by all of the obligations and conditions of this Protective Order, including those obligations concerning Confidential Material. I agree to submit to the personal jurisdiction of the United States District Court for the Southern District of New York in any proceeding related to the enforcement of this Stipulated Protective Order, including any proceedings relating to contempt of Court.

  I declare that the foregoing is true and correct. I understand that if any of the statements made by me are willfully false, I am subject to punishment.

  Name of Individual:_____

  Present occupation/job description:_____

10

_____

_____

Name of Company or Firm:_____

Address:_____

Telephone No.:_____

Relationship to this Action and its parties: _____


Dated: _____        _____
                              Signature

NY724997 3
003001-10037

# EXHIBIT 2

1

1   UNITED STATES DISTRICT COURT
2   SOUTHERN DISTRICT OF NEW YORK
3   ------------------------------x
4   WOODY ALLEN,
5              Plaintiff,
6   -against-
7
8   AMERICAN APPAREL, INC ,
9              Defendant,
10  Civil Action No :  08 Civ. 3179 (TPG)(KNF)
11  ------------------------------x
12
13  *** C O N F I D E N T I A L ***
14
15          620 Eighth Avenue
16          New York, New York
17
18          December 15, 2008
19          10:05 a m.
20
21      Confidential Videotaped Deposition of
22  WOODY ALLEN, pursuant to Notice, before Sophie
23  Nolan, a Notary Public of the State of New
24  York.
25
26
27      ELLEN GRAUER COURT REPORTING CO  LLC
28      126 East 56th Street, Fifth Floor
29      New York, New York 10022
30          212-750-6434
31          Ref: 89231

154

1        ALLEN - CONFIDENTIAL
2    $8 million made; what year, timeframe?
3        A.   I would say it was made in the last
4    five years, the last six years.
5        Q.   The same question for the sneaker,
6    when was -- when was that discussion?
7        A.   That was in the last five or six
8    years.
9        Q.   And Mercedes?
10       A.   The last year.
11       Q.   Do you know if there was anything
12   written, any -- was it a written offer or was
13   it just oral?
14           MR. ZWEIG:  Objection as to form,
15       lacks foundation.
16       A.   Yeah, that, I don't know.  I don't
17   think -- there may have been a memo sent in on
18   that.  I have no idea, but it never got as far
19   as contracts being drawn up because we just
20   didn't do this, but I don't know if things
21   were -- were ever -- achieved in memo form.
22   They may have.
23       Q.   Would it be fair to say that you've
24   never been offered a -- $10 million to do an
25   advertisement?


155

1        ALLEN - CONFIDENTIAL
2           MR. ZWEIG:  Objection as to form,
3       lacks foundation.
4        A.   Would it be fair to -- it would be
5    fair to say that, absolutely.
6        Q.   I have a bunch of statements that
7    I'd like to know if you agree or disagree.
8           Would you agree with me that a
9    value -- that the value of a celebrity
10   endorsement may relate to the reputation of
11   that celebrity?
12           MR. ZWEIG:  Objection as to the
13       form of the question, lacks foundation
14       and calls for an opinion and is
15       speculative.
16       A.   The value?  It may.  I agree with
17   you on that.  But it also may not.  I just
18   don't know enough about this area, but I -- it
19   may.
20       Q.   Okay.  And would you agree with me
21   that the fair market value of a celebrity
22   endorsement may relate to the perceived or
23   actual ability to generate business?
24           MR. ZWEIG:  Objection as to form
25       and for the reasons previously stated.