Exhibit L

```
                                                              1
```

COPY

1  UNITED STATES DISTRICT COURT
2  SOUTHERN DISTRICT OF NEW YORK
   ------------------------------------x
3  WOODY ALLEN,
4                      Plaintiff,
5    -against-                                  CONFIDENTIAL
6
7  AMERICAN APPAREL, INC.,
8                      Defendant,
9  Civil Action No.:  08 Civ. 3179 (TPG)(KNF)
   ------------------------------------x
10
11       * * *   C O N F I D E N T I A L   * * *
12
                         620 Eighth Avenue
13                       New York, New York
14
                         December 15, 2008
15                       10:05 a.m.
16
17       Confidential Videotaped Deposition of
18  WOODY ALLEN, pursuant to Notice, before Sophie
19  Nolan, a Notary Public of the State of New
20  York.
21
22
23       ELLEN GRAUER COURT REPORTING CO. LLC
           126 East 56th Street, Fifth Floor
24             New York, New York 10022
                   212-750-6434
25                 Ref: 89231

```
                                              186

 1          ALLEN - CONFIDENTIAL
 2       seen by American Apparel.
 3       A.    No, I have not seen these ads.  I
 4  have not seen them.
 5       Q.    And are any of the ads depicted in
 6  this Defendant's 17 sleazy?
 7       A.    No, none of these ads are -- are
 8  offensive.
 9       Q.    Thank you.  You stated before that
10  you would prefer to do advertisements outside
11  of the United States?
12       A.    Yes.
13            MR. ZWEIG:  Objection as to the --
14       I'm sorry.  Since he answered it, it
15       appeared as if you might have made it to
16       the end of your question.  But why don't
17       you finish your question, after which I
18       have an objection, and then the witness
19       can answer the question if he's able to.
20            MR. SLOTNICK:  I think we're done
21       with that Q and A.
22            MR. ZWEIG:  I'm sorry?
23            MR. SLOTNICK:  We are done with
24       that Q and A, but if you feel it
25       necessary to encumber the record with an
```

1       ALLEN - CONFIDENTIAL
2           objection at this point, go ahead.
3                MR. ZWEIG:  I don't think it's
4           encumbering, Mr. Slotnick, and I do take
5           some objection to that.  The fact is your
6           question mischaracterized the witness'
7           prior testimony and that was the basis
8           for my objection as to form, sir.
9           Q.   Is it your belief that celebrity
10   endorsements are more handsomely rewarded in
11   Japan as opposed to America?
12               MR. ZWEIG:  Objection as to the
13          form of the question, assumes facts not
14          in evidence, calls for speculation, and
15          for opinion.
16          A.   I have no idea about that.  I just
17   wouldn't -- I would have no idea whether you
18   could get more money in Japan than here.  I
19   guess it depends on the person and the company.
20   I just don't know.
21          Q.   Now, what has your income been
22   every year for the past ten years?
23               MR. ZWEIG:  Objection as to the
24          form of the question and on the grounds
25          that it is harassing and private and

188

ALLEN - CONFIDENTIAL

personal information, and I'm going to instruct the witness not to answer. And if you persist in asking that question, it is something that we will make a motion about to the judge. And I would ask if you have any follow-up questions, to please go ahead and ask those questions now so that all of the questions of this ilk can then be placed before the judge for a ruling.

MR. SLOTNICK: I would just like to state that we believe that a person's fair market value, a celebrity's fair market value endorsement is related to how much money they have made and also Mr. Allen did bring up that his yearly income was not affected by any of the scandals with which he was involved in.

MR. ZWEIG: And I told you that that line of questioning was irrelevant and objectionable and I'm going to tell you that the current line of questioning is irrelevant and objectionable and harassing and, therefore, unless you can

                                                                    189

ALLEN - CONFIDENTIAL

1    come up for -- come up with a basis in a
2    right of publicity case for seeking such
3    information, which I suggest you have not
4    done, I will instruct the witness not to
5    answer and we can seek a ruling.  If you
6    have any other questions to ask of this
7    type, please go ahead and ask them.
8         MR. SLOTNICK:  I'll ask my
9    questions and if you feel it's proper to
10   instruct Mr. Allen not to answer, then
11   you can do that and we will address those
12   at a later time, if necessary.  And, of
13   course, relevance is not a proper basis
14   to instruct someone not to answer.
15        MR. ZWEIG:  I'm sorry, I made it
16   clear in my statement that while it was
17   irrelevant, the basis of my objection is
18   that it's harassing and that is a proper
19   ground under Rule 30.
20        MR. SLOTNICK:  I'm not sure that it
21   is harassing --
22        MR. ZWEIG:  Okay.
23        MR. SLOTNICK:  -- but we will
24   address that --